NEW YORK RYS. CO. v. CITY OF NEW YORK et al.  (No. 6008.)

(Supreme Court, Appellate Division, First Department.  July 10, 1914.)

Appeal from Special Term, New York County.

Proceeding by the New York Railways Company against the City of New York and others.  From the judgment for defendants entered upon decision after a trial, the plaintiff appeals.  Affirmed, with costs.

Argued before INGRAHAM, P. J., and McLAUGHLIN, SCOTT, DOWLING, and HOTCHKISS, JJ.

Ralph Norton, of New York City, for appellant.
Curtis A. Peters, of New York City, for respondents.

PER CURIAM.  Judgment affirmed, with costs.  All concur, except INGRAHAM, P. J., dissenting.

INGRAHAM, P. J. (dissenting).  I think the plaintiff was entitled to have all payments made to the city of New York during the year ending October 1, 1900, for a percentage on gross earnings or other income, or any license fee, credited on account of its special franchise tax.  The provision imposing a tax on a special franchise was added to the Tax Law by chapter 712 of the Laws of 1899.  This provision was retained in the Tax Law by the revision of 1909; the section

in question being section 48 of the Revised Law (Consol. Laws, c. 60). It reads as follows:

"Sec. 48. Deduction from Special Franchise Tax for Local Purposes. If, when the tax assessed on any special franchise is due and payable * * * it shall appear that the * * * corporation affected has paid to such city * * * for its exclusive use within the next preceding year, under any agreement therefor, or under any statute requiring the same, any sum based upon a percentage of gross earnings, or any other income, or any license fee, or any sum of money on account of such special franchise, granted to or possessed by such * * * corporation, which payment was in the nature of a tax, all amounts so paid for the exclusive use of such city * * * shall be deducted from any tax based on the assessment made by the state board of tax commissioners for city * * * purposes, but not otherwise; and the remainder shall be the tax on such special franchise payable for city * * * purposes."

The tax for the special franchise was assessed under the provisions of this act, and it became due and payable on October 1, 1900. There had been paid by the corporations which owned the franchises that have now become vested in the plaintiff a certain sum of money, stipulated percentages on gross earnings, for car license during the year from October 1, 1899, to October 1, 1900, and the amount so paid was by direction of the then comptroller of the city of New York credited on the tax assessment upon the special franchise which became due October 1, 1901, and subsequently the amount so assessed, less the credit, was paid to the city. The act provided for the assessment of the value of the special franchise; it then fixed a tax upon the value so assessed, but allowed a deduction on the amount of such tax, and the amount of such deduction was to be determined by the amount that the corporation had paid during the preceding year. The assessment was made and said tax was imposed after the act took effect. The deduction was the amount paid to the city after the act took effect. If the payment exceeded the amount of the tax as assessed, then no tax was payable. If the tax exceeded the amount of the payment for the purposes specified, then, under the express provision of what is now section 48 of the Tax Law, it was the "remainder" that was to be the tax on such franchise. I can see no reason why this provision should not apply to the tax imposed for the first year under the act, as well as to the tax imposed for any subsequent year. The act itself makes no such distinction. It says when the tax assessed on any special franchise is due and payable. If it shall appear that the corporation affected has paid to such city for its exclusive use within the next preceding year any sum, etc., all amounts so paid shall be deducted from any tax based on the assessment, and the remainder shall be the tax on such special franchise. If this deduction was to apply to the tax due October 1, 1900, it could only be the amount paid to the city for the year from October 1, 1899, to October 1, 1900, and it would seem to have been the intention of the Legislature that the deduction should apply to each year for which a tax was imposed. Unless this construction is adopted, there could be no deduction on account of such payments to the city for the first year that the tax was imposed, and yet the Legislature has said that there should be a deduction in each year when it appeared that such

payment had been made in the year preceding that for which the tax was imposed. I think, therefore, that the deduction was justified, and that the present comptroller was not justified in canceling the credit on the tax books of the city.

If I am not right as to the construction of the statute, still I think the action of the successor of the comptroller of the city who directed the credit was ineffectual to restore the lien of the tax. The section of the Tax Law (48) provides that the treasurer or other officer to whom any sum is paid from a corporation which is entitled to credit shall make and deliver to the collector or receiver of taxes his certificate showing the several amounts which have been paid during the year ending on the date of the certificate; on the receipt of such certificate, the collector, receiver, or other officer shall immediately credit on the tax roll to the corporation affected the amount stated in such certificate on any tax laid against such corporation, and he shall collect and receive the balance of any of such tax as required by law. The comptroller of the city then in office was the officer to whom the various payments were made. He gave such a certificate to the receiver of taxes, who made the credit as directed by the statute and collected the balance of the tax. The tax was then satisfied and discharged. There is no provision of law which allows a succeeding comptroller to reverse the action of his predecessor so as to restore a tax thus paid and canceled and reinstate the lien of the tax. The officials directed to discharge the duties of giving the certificate and making the credit on the tax books have acted. By their acts the rights of the parties have become fixed. Whether those acts were purely ministerial or involved the exercise of a quasi judicial power, when once exercised, they became final and could be reversed or annulled only by an application to a court of competent jurisdiction on notice to the corporation interested. People ex rel. Chase v. Wemple, 144 N. Y. 478, 39 N. E. 397; People ex rel. Hotchkiss v. Supervisors, 65 N. Y. 222; Central Bank v. Shaw, 121 App. Div. 415, 106 N. Y. Supp. 94.

I think, therefore, the judgment appealed from should be reversed, and judgment directed for the plaintiff as demanded in the complaint.