## James Adams, Appellant, *v.* The Town of Wheatfield, Respondent.

*Board of supervisors — inclusion in a town tax roll of a town audit appealed from — subsequent adoption of a report of a committee recommending its disallowance — objection waived by appearance — regularity of audit, how questioned.*

The inclusion by a board of supervisors in the tax roll of a town of the amount of a constable's claim against the town as audited by the town board, pending an appeal to such board of supervisors by two taxpayers of the town from such audit, and pending a report of a committee to whom the board of supervisors had referred the investigation of the claim, operates as a new audit of the claim under section 163 of the Town Law (Chap. 569, Laws of 1890), which provides "such part of such accounts as the board of supervisors shall allow shall be assessed and collected the same as other town charges."

The subsequent adoption by the board of supervisors of the report of the investigation committee, recommending the disallowance of the claim, operates as a reaudit thereof, although no formal resolution is passed rescinding the former audit; thereafter the collector of taxes in the town has no authority to pay the constable the amount of his claim, although such amount has been raised as required by the levy, and the constable has no cause of action against the town therefor.

The objection that the claim was not properly before the investigating committee is not available to the constable where he and his attorney appeared before the committee and acquiesced in its consideration of the account.

The regularity of the audit of the claim by the board of supervisors cannot be questioned in an action by the claimant against the town to recover the moneys collected under the tax levy; the claimant's remedy is by mandamus or certiorari.

McLennan, J., dissented.

Appeal by the plaintiff, James Adams, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Niagara on the 3d day of August, 1898, upon the report of a referee dismissing the complaint upon the merits.

The plaintiff acted as constable for the defendant from June, 1896, to April 13, 1897. From February 24, 1897, to April thirteenth of the same year he rendered and performed services as constable in criminal cases of the value as claimed by him of $394.50, according to the fees and compensation as fixed by law. This account was audited by the town board of the defendant at the sum of $340.50,

and a certificate of said audit was filed with the town clerk and the defendant's supervisor upon October 9, 1897. Within fifteen days thereafter, as provided by section 163 of the Town Law (Laws of 1890, chap. 569), two taxpayers duly filed a notice of appeal from said audit and allowance to the board of supervisors of the county. Upon November 23, 1897, a resolution was passed by the board of supervisors authorizing the committee on constables' accounts to investigate the claims of the plaintiff and one Loveland for fees and services as constables. Upon December twenty-second the board directed the assessment roll to be made up and included therein as a charge against the town of Wheatfield this claim of the plaintiff as audited by the town board. Upon January 20, 1898, the committee on constables' accounts reported to the board that the accounts of the plaintiff be disallowed for the reason that he was not legally appointed constable and upon the further ground of fraud. This report was by the board upon that day adopted. Upon January twenty-fifth the committee made a further report, itemizing the accounts of the plaintiff and in and by which report all accounts of said Adams are stated as being disallowed. This report of the committee was by the board adopted. The moneys were collected by the collector under the tax levy, which, however, he refused to pay over, and this action is brought against the defendant town for these moneys.

*Richard Crowley*, for the appellant.

*A. F. Premus*, for the respondent.

SMITH, J.:

Upon the appeal by the taxpayers from the audit of plaintiff's claim by the town board, the supervisors were required to audit anew his account. The statute provides that "Such part of such accounts as the board of supervisors shall allow, shall be assessed and collected the same as other town charges." (The Town Law, Laws of 1890, chap. 569, § 163.) The appellant maintains that the act of the board upon the twenty-second of December in directing that this account be included in the tax roll constituted an audit of the claim. The claim of the defendant, however, is: *First*, that to include this item in the tax roll did not constitute an

audit of the claim; *secondly,* if this may be deemed to constitute an audit of the claim, the board has reconsidered and rescinded the same by the adoption of the report of the committee upon January twentieth, which report provided for the disallowance of this claim.

We think that the account was audited when it was included in the tax roll. The board was only authorized under the statute to include in that tax roll such part of that account as they allowed. That audit was made without investigation and was an irregular audit. Until corrected, however, it was a binding audit.

Upon November twenty-third the accounts of the plaintiff were sent to a committee for investigation. Upon January twentieth that committee reported to disallow this account for which this action is brought. It is true that no formal resolution was passed rescinding the audit of December twenty-second. The adoption, however, of the report of the committee that this account be disallowed of itself operated as a rescission of that audit of December twenty-second by the board and as a reaudit and disallowance of the plaintiff's claim. After such disallowance the collector, although the moneys had been raised therefor, had no authority to pay the same to the plaintiff, and the plaintiff has no cause of action against the town therefor.

It is contended by the appellant: *First,* that after the appeal taken by the taxpayers from the audit by the town board of the plaintiff's account, the town clerk did not transmit the account to the board of supervisors to be audited and allowed by them until December sixth; that the resolution sending to the committee on constables' accounts the accounts of the plaintiff for investigation was passed upon November twenty-third; that this account, therefore, was not before the committee and they had no power to act thereupon. That this account was investigated by that committee is not disputed. That the plaintiff and his attorney appeared before the committee upon that investigation is not questioned. The plaintiff has acquiesced in the consideration by this committee of this account. After the report disallowing the account, the objection comes too late that it was not properly before them for consideration.

It is further insisted by the appellant that the mere adoption by the board of supervisors of the report of a committee does not con-

stitute an audit or disallowance of the plaintiff's claim. That it was understood to be such an audit and disallowance by the supervisors themselves we have no doubt. Their intention is the ultimate fact to be ascertained. That this was a legal expression of their intention would seem clear, both upon principle and authority. In *People ex rel. Masterson* v. *Gallup* (12 Abb. N. C. 74) it is held that legislation may be in the form of a resolution reported by a committee and adopted by a vote of the board in passing upon the report. We are satisfied that the board has expressed effectually its intention to reaudit and disallow the plaintiff's account.

The appellant further urges that after having once audited this account the board is without power to reconsider its action and reaudit the same. This objection would seem to be answered by the authority of *The People ex rel. Hotchkiss* v. *The Board of Supervisors of Broome County* (65 N. Y. 222). It is there held that "A board of supervisors has power to rescind a resolution auditing and allowing a claim against the county upon discovery of mistake or error."

It is again objected by the appellant that the adoption of the report of this committee was illegal as a reaudit because the evidence taken before the committee was not before the board, and that it could not, therefore, legally act upon the report of the committee. Whether or not this action of the board constituted a lawful audit and disallowance of the plaintiff's claim, it operated as a rescission of its action in allowing the claim theretofore. The reaudit was just as regular and just as valid as was the original audit when this account was included in the tax roll. It was so included without investigation or examination while an appeal was pending. We have held that it nevertheless constituted an audit until it was corrected either by the order of the court or voluntarily. By the same reasoning the final action of the board in adopting the report of this committee constitutes a reaudit and disallowance of this claim. If the reaudit were irregular it can be corrected by a writ of mandamus to compel them properly to reaudit the claim.

It is once more urged that if this can be held to be a reaudit, it is illegal as a trial of the title to an office collaterally. But the learned referee has pointed out that the correction of such an error is through certiorari and not by action.

These views render unnecessary a discussion of the other questions raised by counsel and lead to an affirmance of the judgment entered upon the report of the referee.

All concurred, except McLENNAN, J., who dissented.

Judgment affirmed, with costs.