(48 App. Div. 428.)

PEOPLE ex rel. LAWRENCE v. BOARD OF SUP'RS OF DELAWARE COUNTY.

(Supreme Court, Appellate Division, Third Department. March 23, 1900.)

COUNTY BOARD—RESOLUTION—RECONSIDERATION—RULE.

A rule of a board of supervisors provided that no motion for the reconsideration of a vote should be entertained unless moved by one who voted in the majority within three days on which sessions of the board should be subsequently held, and within that time after the unanimous passage of the resolution allowing certain sheriff's bills another resolution was passed that said bills be referred to a special committee for consideration, and that the sheriff be directed to appear before such committee, and give evidence in relation thereto. *Held*, that the second resolution was a reconsideration of the first, within the meaning of the rule, and hence mandamus would not lie to compel a compliance with the first resolution.

Appeal from special term, Delaware county.

Action by the people, on the relation of J. Duncan Lawrence, against the board of supervisors of Delaware county. From an order granting a peremptory writ of mandamus, defendant appeals. Reversed.

Appeal from an order of the special term, entered on December 20, 1899, granting a peremptory mandamus requiring the board of supervisors of Delaware county and the chairman and clerk thereof to forthwith deliver to the relator the certificate, warrant, or warrants for and upon certain bills audited by the board on November 22, 1899, amounting in the aggregate to the sum of $5,130.35, and granting a stay until return upon the writ; also from an order entered January 3, 1900. In the year 1899 the relator was sheriff of Delaware county. The annual session of the board of supervisors commenced on November 13, 1899. On the 14th of November the relator presented to the board certain bills for fees, board of prisoners, disbursements, and charges against the county, and these, on the 15th of November, were referred for examination and consideration to a committee of three members of the board, known as the "Committee on Sheriffs' and Clerks' Accounts." This committee, on November 21st, made their report to the board, in which they seem to have allowed the bills in controversy, although they asked for further proof as to their validity. The bills were then referred to the counsel of the board for his consideration and opinion. On the following day the matter was again up before the board, the counsel of the board was heard, and also the counsel of the relator, and then Mr. Powell, who was the chairman of the committee on sheriffs' accounts, moved that the bills be audited and allowed. This motion was unanimously carried. The board on the same day adjourned to Monday, December 11, 1899. During this interval the clerk of the board made out certificates for the bills audited. These were not delivered, or detached from the books, but were made out for convenience preparatory to their delivery at the proper time when directed by the board. It appears from the affidavit of the chairman of the board that they were not signed by him, and he also says that no person was entitled thereto until the final adjournment of the board. There was no order of the board that they should be delivered. At the session of the board on December 12, 1899, on motion of Mr. Powell, chairman of the committee above referred to, resolutions were adopted in and by which, after a recital that the bills in controversy were improperly passed and allowed without inspection or examination of the items thereof, and that it now appeared that the bills contain numerous items which are illegal and improper charges against the county, and not authorized by law, it was "resolved that said bills be referred to a special committee on sheriff's bills for consideration, and that the sheriff of Delaware county be directed to appear before said committee, and give evidence in relation thereto; and it is further resolved that said committee be, and they are, empowered to employ such

counsel and assistance as, in their judgment, shall be deemed proper." A special committee of five was accordingly appointed, and to them the bills were delivered. This committee proceeded to a hearing on December 13, 1899, and counsel for the relator as well as counsel for the committee appeared before them. The counsel for the relator, among other things, objected that the bills had been audited and allowed, and that neither the committee nor the board had any authority to further investigate their validity. Evidence was given before the committee tending to show, as the appellants claim, that many items in the accounts were not proper charges against the county. On the 13th December, 1899, upon petition of the relator, an order was made by a justice of the supreme court directing that the board and its chairman and clerk show cause at a special term on the 18th of December why a writ of peremptory mandamus should not issue directing them, and each of them, to deliver to the petitioner the certificate or warrant provided by law upon the bills in question for the amount thereof as audited and allowed by the board, and for such other or further order as to the court might seem proper. It was also ordered that all further proceedings by the board or its committee in relation to the bills, except to issue and deliver the certificates, be stayed until the hearing and determination upon the order. Upon the return of the order to show cause, upon the petition and the answering affidavits, the order of December 20, 1899, appealed from, was made. On the 2d of January, 1900, the clerk made a return to the peremptory writ, stating that he had delivered to the relator certificates of audit of the bills in question, and upon this return the order of January 2, 1900, was entered, stating that the proceeding was terminated. It appears that among the rules adopted by the board on November 14, 1899, governing the transaction of business before the board, there was the following: "No motion for the reconsideration of a vote upon any question shall be entertained unless moved by one who voted in the majority upon such question, nor unless such motion shall be made within three days upon which sessions of the board shall be held subsequent to such vote having been taken."

Argued before PARKER, P. J., and HERRICK, MERWIN, SMITH, and KELLOGG, JJ.

G. W. Youmans, for appellant.

C. L. Andrus, for respondent.

MERWIN, J. The order granting the writ seems to have been made upon the theory that no motion to reconsider the action of the board on the 22d of November, 1899, was made within three days after that time, and that, therefore, the board, under its rules, lost jurisdiction of the matter, and had no power to review their action in auditing the accounts. It will be observed that under the rule adopted by the board as to reconsideration of votes the motion for that purpose must be made within three days upon which sessions of the board shall be held subsequent to such vote having been taken. The action of the board on the 12th of December was within such three days. Between the 22d of November and the 12th of December there was only one day upon which there was a session of the board, such day being December 11th. But it is said that the action of the board on the 12th of December was not a motion for the reconsideration of the vote upon the audit on the 22d of November. It was, however, that in substance. The bills were referred to a named committee for a renewed consideration, and for the purpose of obtaining further evidence in relation thereto, and with the aid of counsel. The relator was directed to appear before the committee. The resolution was based on the statement that numerous items were improper and illegal. Reconsidera-

tion is defined to be the taking up for renewed consideration that which has been passed or acted upon previously. Cent. Dict.; Webst. Dict. The action of December 12th should, we think, be deemed a reconsideration within the meaning of the rule. The mover was one who voted with the majority on the prior vote, as that was unanimous. Nor does there appear to have been any objection or dissent upon the adoption of the resolutions of December 12th. The board had, we think, full jurisdiction of the matter upon December 12th (People v. Board of Sup'rs of Broome Co., 65 N. Y. 222), and no good reason is apparent for interrupting their continued investigation, and awarding to the relator certificates under the prior action of the board. The board had never directed their delivery, and the business was unfinished. The fact that the clerk, in pursuance of the command of the writ, has delivered to the relator the certificates, does not deprive the board of its right to relief from the adjudication that its action has been illegal. There seem to be many items in the accounts that are improper under the views of this court as laid down in People v. Board of Sup'rs of Saratoga Co., 45 App. Div. 42, 60 N. Y. Supp. 1122, and the board has a right to have its future action untrammeled by the adjudication appealed from, and free from any burden upon its right to further investigate. The appeal from an order granting a peremptory writ may be taken as from a final order. Code Civ. Proc. § 2087.

Orders reversed, with $10 costs and disbursements, and motion for peremptory writ denied, with $10 costs. All concur.