(97 App. Div. 131.)

In re WEEKS.

(Supreme Court, Appellate Division, Second Department. July 28, 1904.)

1. TOWNS—BOARD OF AUDITORS—ACTION—RECONSIDERATION.
    Where a board of town auditors entered an order disallowing a claim against the town, the board, being the same, had power to reconsider its action at a subsequent meeting.

2. CERTIORARI—CLAIMS—PROCEEDINGS.
    Where certiorari was issued to review proceedings of a town board on an application for the audit of relator's claim against the town, proceedings of the board, taken subsequent to the date of the issue and service of the writ, could not be considered as within the return.

3. SAME—FINAL ACTION—MOOT QUESTIONS.
    Where, after the issuance of certiorari to review the disallowance of relator's claim against a town by the board of town auditors, the board elected to reconsider the claim on a corrected bill, and set aside its former action, such action became a mere moot question, which would not be reviewed.

Certiorari on the application of Luther H. Weeks to review proceedings by the board of town auditors of the town of Hempstead. Writ dismissed.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOODWARD, JENKS, and HOOKER, JJ.

Fred Ingraham, for petitioner.
George Wallace, for relator.

JENKS, J. This is certiorari to review proceedings, decisions, and actions of a board of town auditors upon a claim. The return

shows that on December 2, 1903, this claim was taken up for consideration, and that with the facts and matters before it, "above referred to, the board did not regard the information sufficient to warrant them in deciding that the amount of bill presented was a proper charge against the town of Hempstead, and that the bill was disallowed." But the return also shows that "subsequently, after being advised by counsel, and thinking that possibly the relator should have had further opportunity to present any facts or evidence in relation to his claim, on the 21st day of December, 1903, the board reconsidered its action in disallowing the claim, and adjourned to December 24, in the afternoon, to give the relator opportunity to appear."

I think it quite clear that this board, being the same, had the power to reconsider the action of December 2, 1903. People v. Stocking, 50 Barb. 573, 583; cited in Osterhoudt v. Rigney, 98 N. Y. 222, 234; People ex rel. Hotchkiss v. Supervisors, 65 N. Y. 222; Adams v. Town of Wheatfield, 46 App. Div. 466, 61 N. Y. Supp. 738. The return also states that the board met on the 24th day of December, 1903, and decided to consider the claim upon a corrected bill on December 28, 1903, and that on that day it met and took action thereon. We cannot, however, regard as within the return any proceedings subsequent to December 11, 1903, the day of the issue and the service of this writ. 6 Cyc. 805, citing Commissioners' Court of Lowndes County v. Hearne, 59 Ala. 371; Bee v. Seaman, 36 W. Va. 381, 15 S. E. 173. Nevertheless, we are apprised that the only action which can be brought up by this writ is not in any sense the final action of the board upon this claim, but that such action was supplanted by the subsequent proceedings indicated. The action of December 2, 1903, then, presents but a moot question, and one that neither deserves nor requires consideration, while the subsequent and final action of the board cannot be brought up by the present writ for the reasons stated. We are constrained to dismiss this writ, without costs and without prejudice.

The writ should be dismissed, without costs. All concur.