### In re WEEKS.

(Supreme Court, Appellate Division, Second Department. June 23, 1905.)

TOWN AUDITORS—RECONSIDERATION—ESTOPPEL.

One who, after his claim is disallowed by town auditors, presents a corrected bill for their consideration, may not thereafter assert that they were without power to re-examine and allow or disallow the claim.

On Rehearing. Denied.

For former opinion, see 89 N. Y. Supp. 826.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, and HOOKER, JJ.

JENKS, J. The reargument has not convinced me that our decision in 97 App. Div. 131, 89 N. Y. Supp. 826, was erroneous. The writ of certiorari was issued and served on December 11, 1903. We decided that we could not consider as brought up by the return for review any proceedings of the board subsequent to that day. We were apprised by the return that the same board voted on

December 24, 1903, to reconsider the claim in question on December 28, 1903, upon a corrected bill, and that on the last-named day it met and took action thereon. As we decided that the same board had power to reconsider the original action of December 2, 1903, we held that the present writ did not bring up for review the actual audit, and we therefore dismissed the writ, without costs and without prejudice. I will now consider the points made on the reargument against our decision.

1. Our determination is not opposed to sections 2122 and 2125 of the Code of Civil Procedure. We did not dismiss the writ because we thought the town auditors were within the description of the third subdivision of the former section. It was not necessary to our disposition to determine that this board had the power to rehear the claimant on his application, inasmuch as we thought that the reconsideration voted was within its powers. The board was not functus officio at the time of that reconsideration, for the claim was still within its jurisdiction, and hence, we thought, subject to a further disposition by the board, within the authorities cited. As to the continuation of jurisdiction, see section 170 of the town law (Laws 1890, p. 1235, c. 569); Osterhoudt v. Rigney, 98 N. Y. 222, 230; People ex rel. Jonas v. Town Auditors, 49 App. Div. 4, 63 N. Y. Supp. 114; People v. Stocking, 50 Barb. 573, 583. As to section 2125, a decision which incidentally makes a statute of limitation available is not to be withheld merely for that reason. But we did not consider that our disposition was a bar to a renewal of an application for a writ which would bring up the actual audit for review. Our dismissal without prejudice was indicative of an opinion that mere enforced delays in reaching the case upon the calendar, and incidental to the hearing and determination, should not stand in the way of the relator. Thus far the respondents have resisted upon the merits, and we have no reason to surmise that they will depart from this policy by raising any question based upon the statute of limitation. If they do not, we are in any event free to proceed to a discussion upon the merits of the writ when it presents the audit for review. See People ex rel. O'Shea v. Lantry, 44 App. Div. 392, 60 N. Y. Supp. 1009; People ex rel. Ehrlich v. Grant, 61 App. Div. 238, 70 N. Y. Supp. 504.

2. I think that People ex rel. Myers v. Barnes, 114 N. Y. 317, 20 N. E. 609, 21 N. E. 739, is not "a controlling decision" for the relator. That case decided that an audit of bills by the town board of 1883 was conclusive, and that it formed a bar to any reaudit by the town board of 1885. Examination of the opinion on the motion for reargument in that case shows that the audit of 1883 was separate, distinct, and complete, as then certified to the board of supervisors under the law. In the case at bar, before the same board had lost jurisdiction it simply reconsidered its action and proceeded to an audit. The particular language in the Barnes Case to which we are cited is as follows:

"There is another defense to this proceeding, if the bills have been audited and rejected by the town board upon their merits, and that is that such audit forms a bar to a reauditing of the bills by the board of town auditors,

and to the application for a mandamus requiring them to do so. Osterhoudt v. Rigney, 98 N. Y. 222; People ex rel. Hotchkiss v. Board Sup'rs, 65 N. Y. 222; People ex rel. v. City of Kingston, 101 N. Y. 82–94, 4 N. E. 348."

Let us examine the three authorities cited for this particular statement of the court. In Osterhoudt v. Rigney, 98 N. Y. 222, the court say (page 235):

"Our conclusion is that the board of town auditors in 1878 had no authority to readjudge any part of the claim of Rigney which had been rejected by the prior board upon the merits." Again: "The question is therefore presented as to the power of a board of audit to audit and allow claims which have been passed upon and rejected by a prior board. * * * It would certainly occasion great inconvenience, and open the door to fraudulent practices, if an account once considered and rejected on the merits could be presented to any subsequent board of audit for readjudication."

These excerpts and a reading of the opinion indicate that, so far as this question is concerned, the case but decided that audit by one board on the merits was a bar to any audit by a subsequent board. In People ex rel. Hotchkiss v. Supervisors, 65 N. Y. 222, the board of supervisors first audited a claim favorably, then reconsidered and audited it conditionally, and finally rejected the claim. In the course of the opinion, Reynolds, C., does state that there is a rule that where power to do a certain act is conferred upon a public officer or board, and when action has once been had, it is final. But I cited this very case in the opinion in 97 App. Div. 131, 89 N. Y. Supp. 826, in view of the statement of the learned commissioner that, although the action of such boards is quasi judicial, it is not so in the sense as to render an erroneous or improper audit or allowance incapable of correction by the body committing the error; and more particularly did I cite it because the court said:

"In the present case the supervisors, in the first instance, allowed the relators' claim upon a presentation of the fact showing that the nine men for whom the bounty was claimed had been duly credited to the county of Broome, and in that case it was very obvious that the claim was a just one to be paid by the county. It, however, turned out afterwards, so far as it appeared to the board of supervisors, that these credits of nine volunteers had been by the military authorities transferred, with the consent of the relator or his associates, from the county of Broome to the county of Chemung, and that they, or some of them, had received the bounty from the city of Elmira for these identical nine volunteers. Under this condition of things, the supervisors reconsidered their action and rejected the claim, as I think they had the power, and as it was their duty to do upon the fact as it appeared to them."

People ex rel. v. City of Kingston, 101 N. Y. 82, 4 N. E. 348, simply lays down the rule that the decision of an auditing board is final and conclusive in the absence of fraud or collusion; citing Osterhoudt v. Rigney. I find nothing in these decisions which is adverse to the proposition that a board of town auditors may reconsider its own action on a claim, and that not the action reconsidered, but the action finally taken after reconsideration, is the audit of that board. In addition to the authorities originally cited for this proposition, namely, People v. Stocking, supra, cited in Osterhoudt v. Rigney, supra, People ex rel. Hotchkiss v. Supervis-

ors, supra, and Adams v. Town of Wheatfield, 46 App. Div. 466, 61 N. Y. Supp. 738, I add People ex rel. Smith v. Auditors, 5 Hun, 647, and Bell v. Webb, 4 App. Div. 614, 36 N. Y. Supp. 1122. Although, in our opinion, the return cannot present for review the audit of the board made subsequent to the issue and service of the writ (see authorities cited in the original opinion), yet we think that we may be informed by it as to the actual audit. The town board were required to certify and return all of their proceedings, decisions, and actions in the premises, etc., with their rulings, decisions, and actions, etc., and they have returned a reconsideration and an audit subsequent to the issue and service of the writ. These facts present the actual audit, which, as I have repeatedly said, cannot be reviewed upon this writ, and yet they are germane to show the actual proceedings of the board in full. See People ex rel. Gage v. Lohnas, 54 Hun, 604, 608, 8 N. Y. Supp. 104; Buckley v. Drake, 9 Civ. Proc. R. 336, affirmed 41 Hun, 384. In People ex rel. Miller v. Wurster, 149 N. Y. 554, 44 N. E. 299, the court, per Gray, J., say:

"The object of the writ of certiorari is that the court shall have certified and returned to it the proceedings of the body or officer to whom the writ is directed, in order that it may consider the same, and their regularity and legality, and thus be enabled to determine as to whether the complaint made by the relator in respect thereto is borne out."

I find in the return that the minutes of December 24th show that the relator appeared and stated to the board that some days "after he had begun certiorari" a member of the board informed him that, if he would discontinue, they would audit, and he said that would be satisfactory. Whereupon one of the board said that he had told the relator that his bill would be reconsidered, but could not tell him the amount in which it would be audited. "Mr. Weeks (i. e., the relator) then consented to present a corrected bill, and the board decided to consider it on December 28 at 3 p. m." In the Barnes Case, which the relator relies upon as "controlling," the court, on the motion for reargument, say:

"The relator also insists that, the bill having been once audited, the board had no right to reaudit and reject it. The answer to this is that the relator, by presenting this claim to the board at its subsequent meetings for audit, submitted his rights to it, and he cannot now successfully assert that the board was without power to re-examine and allow or disallow a claim which he submitted for its determination."

Writ dismissed on reargument, without costs. All concur.