STATE, EX REL. MINDEN EDISON ELECTRIC LIGHT AND
POWER COMPANY, APPELLEE, V. CITY OF MINDEN, AP-
PELLANT.

FILED APRIL 13, 1909.  No. 15,473.

1. Cities: CLAIMS: ALLOWANCE: RECONSIDERATION.  The mayor and
council of a city of the second class under 5,000 inhabitants, if
not restricted by any rule adopted by them, may reconsider their
action in allowing a claim against the city at any time before the
claimant has, in reliance upon their action in allowing such
claim, changed his position to his own disadvantage.

2. ———: ———: ———.  Section 80 of the charter act of cities
of the second class under 5,000 inhabitants (Comp. St. 1905, ch.
14, art. I), providing that costs shall not be recovered in an
action against the city upon an unliquidated claim unless the
same is first presented to the mayor and council for audit, does
not operate to make their action upon such claim judicial, nor
to give their decision the effect of a judgment.

APPEAL from the district court for Kearney county:
ED L. ADAMS, JUDGE.  *Reversed with directions.*

*M. D. King* and *C. P. Anderbery,* for appellant.

*J. L. McPheely, contra.*

CALKINS, C.

Minden is a city of the second class under the charter
act for cities and villages of less than 5,000 inhabitants.
Comp. St. 1905, ch. 14, art. I.  The relator filed with the
clerk of said city a claim for material and labor in the
amount of $279.12, which was at a regular meeting of the
mayor and council held on March 18, 1907, allowed for
$200.  The next day, at a special meeting called for that
purpose, the mayor and council reconsidered their action
allowing the claim for $200 and rejected it altogether.
Thereupon the relator applied to the district court for a
writ of mandamus compelling the defendant to issue to
it a warrant for the sum of $200.  The defendant's answer-

16

alleged that the relator had agreed, in consideration of the franchise granted to it for the use of the streets of said city, to furnish and maintain free of any cost to the city certain incandescent street lights in the residence district, and that the items of said bill were all on account of furnishing such incandescent lights, which were to be furnished free of charge, and that therefore the city was not indebted to the relator for any part thereof. The fact of the allowance of said bill for $200 was admitted, but it was alleged that the relator refused to accept said amount until long after the mayor and council had reconsidered its said action and disallowed said bill. Upon this answer, the district court allowed the peremptory writ prayed for, and the defendant appeals.

1. The defendant contended that the answer negatived the existence of any indebtedness of the city to the relator; the relator insisting that the plea of *nil debet* in defendant's answer was a mere conclusion of law, and did not negative the existence of a valid indebtedness. This question we do not deem it necessary to determine, and we shall assume for the purposes of this case that the merits of the relator's claim against the city were not presented to the district court. We have, therefore, the question whether the mayor and council of a city of this class, after allowing a claim against the city, may, before such allowance is accepted by the claimant, reconsider their action and refuse to allow such claim. The relator argues that, because the power to reconsider is not specifically granted, it does not exist. While it is usual for legislative and deliberative bodies to regulate by special rule the time, manner, and by whom a motion to reconsider may be made, in the absence of such special rule on the subject, a motion to reconsider may be made at any time by any member, precisely like any other motion and subject to no other restriction. Cushing, Law and Practice of Legislative Assemblies (2d ed.), sec. 1266. Its power must, of course, be exercised with due consideration for the right of any third party who has, in reliance

upon the action so rescinded, changed his position to his own disadvantage; but, before such right of third persons has accrued, a mayor and council may, if not restricted by the provisions of the charter or any rule adopted by them, reconsider previous votes and orders. 1 Dillon, Municipal Corporations (4th ed.), sec. 290. It may often happen that action may be taken in the allowance of claims against the city, which, upon subsequent consideration and in the light of further information, appears to have been improvident, ill-advised and unauthorized; and considerations of public welfare demand that the mayor and council of a city should be left free to correct such mistakes, so long, at least, as the claimant has not changed his situation to his disadvantage because of such action.

2. The relator further contends that, since under the provisions of section 80 of the charter act (Comp. St. 1905, ch. 14, art. I), in an action against the city for any unliquidated claim, no costs can be recovered unless such claim has been first presented to the mayor and council to be audited, their action is judicial and their decision has the force and effect of a judgment. We do not think the section in question susceptible of any such construction. Its purpose is plainly to give to the governing body of the city an opportunity to audit and pay a claim deemed valid, before the city can be subject to the costs of an action to collect it. The jurisdiction to hear and determine the same in case of dispute is not committed to the mayor and council in any event, but is all the time left in the courts. The allowance by the mayor and council of a bill for less than the amount claimed is not a judgment, but an offer, which is binding upon neither party until it is accepted.

We therefore recommend that the judgment of the district court be reversed and the cause remanded, with instructions to dismiss relator's application.

DUFFIE, EPPERSON and GOOD, CC., concur,

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is reversed and the cause remanded, with instructions to dismiss relator's application.

REVERSED.