In the Matter of the Application of the EQUITABLE TRUST COMPANY OF NEW YORK, Appellant, for a Writ of Peremptory Mandamus against WALTER G. HAMILTON, as County Treasurer of the County of Rockland, Respondent.

Second Department, March 30, 1917.

County — power of board of supervisors to reconsider its action and reaudit an account prior to payment — effect of assignment of claim prior to reconsideration by board — mandamus for refusal of board to act upon claim — certiorari to review audit.

Where a claim has been considered, audited and allowed by a board of supervisors, but not actually paid, said board may reconsider its action and reaudit the account.

The fact that the claim as audited was assigned prior to the reconsideration thereof by the board of supervisors does not change the situation, as the assignee acquired no greater right than the assignor had and must be presumed to have known that the board had power to reconsider its action and reaudit the claim.

If a board of supervisors refuses to act upon or allow or disallow a claim, the remedy of the claimant is by writ of mandamus.

If a valid claim against a county is not allowed at a proper amount, the remedy of the claimant is by writ of certiorari to review the audit.

APPEAL by the relator, the Equitable Trust Company of New York, from an order of the Supreme Court, made at the Rockland Special Term and entered in the office of the clerk of the county of Rockland on the 15th day of January, 1917, denying its petition herein,

*Mortimer B. Patterson,* for the appellant.

*E. W. Hofstatter,* for the respondent.

Order affirmed on the opinion of Mr. Justice TOMPKINS, with ten dollars costs and disbursements.

JENKS, P. J., THOMAS, STAPLETON, RICH and BLACKMAR, JJ., concurred.

The following is the opinion delivered at Special Term:

TOMPKINS, J.:

The decision of the Court of Appeals in the case of *People ex rel. Hotchkiss* v. *Supervisors* (65 N. Y. 222), which was approved and followed in several later cases (*Adams* v. *Town of Wheatfield,* 46 App. Div. 469; *People ex rel. Chase* v. *Wemple,* 144 N. Y. 482; *Osterhoudt* v. *Rigney,* 98 id. 233), squarely holds that a board of supervisors may, after having audited and allowed a claim, reconsider its action, and reaudit or disallow the same and is controlling on this motion, so far as that question is concerned.

The cases cited by relator's counsel go no further than to hold that an audit of a claim or account duly made by a board of supervisors cannot be attacked collaterally. Where a claim has been considered and audited, and allowed but not actually paid, the same board which made the audit may reconsider its action and reaudit the account. That was what was done in this case.

While it is true that the clerk of the board of supervisors had given the claimant Stryker a certificate showing that the claim had been audited at the sum of $3,000, nevertheless it had not been paid by the county treasurer prior to the reconsideration of the claim by the board of supervisors.

The fact that the claim as audited was assigned to the relator prior to the reconsideration thereof by the board of supervisors, does not change the situation. The assignee acquired no greater right in the claim or against the county by virtue of the assignment than the assignor, Mr. Stryker, himself had before the assignment was made. The assignee must be presumed to have known that the board of supervisors had power to reconsider its action and reaudit the claim.

The relator's motion for a peremptory writ of mandamus against the county treasurer must, therefore, be denied, with twenty-five dollars costs. The claim will now be before the board of supervisors, as though it had never been acted upon, and if the board refuses to act upon it, or allow or disallow it, the claimant will have a remedy by writ of mandamus, and if the claim is a proper claim against the county, and is not allowed at a proper amount, then the claimant's remedy will be by a writ of certiorari to review the audit.