In the Matter of the Application of the EQUITABLE TRUST COMPANY OF NEW YORK, Appellant, for a Peremptory Writ of Mandamus against WALTER G. HAMILTON, as County Treasurer of the County of Rockland, Respondent.

**Board of supervisors — an audit by one board, unless fraudulent or illegal, cannot be revised by a subsequent board, but is subject to revision by the same board.**

An audit by a board of supervisors, unle s fraudulent or illegal, is not subject to revision by some other board of supervisors. But a different situation is presented when the same board which has considered once, elects to consider again. The board may disallow to-day, and on further consideration allow to-morrow. It may allow to-day, and to-morrow disallow or reduce. The purpose of the audit is to fix the items that are to enter into the annual appropriation. Finality is not reached while the life of the board endures, until the end has been attained. (*People ex rel. Hotchkiss* v. *Supervisors of Broome County*, 65 N. Y. 222, followed.)

*Matter of Equitable Trust Co.* v. *Hamilton*, 177 App. Div. 390, affirmed.

(Argued April 7, 1919; decided April 22, 1919.)

16

APPEAL from an order of the Appellate Division of the Supreme Court in the second judicial department, entered April 10, 1917, which affirmed an order of Special Term denying, as a matter of law, a motion for a peremptory writ of mandamus.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Lloyd L. Stryker* and *Mortimer B. Patterson* for appellant. When the board of supervisors audited Mr. Stryker's bill on May 1, 1916, their action in effect became a judgment against the county. It was a final audit. The supervisors had then executed a judicial act, final and conclusive. After May first they no longer had the power to re-audit or rescind except only for fraud, collusion or illegality. (*People* v. *Supervisors of Schenectady*, 35 Barb. 408; *Clark* v. *Norton*, 3 Lans. 484; *Osterhout* v. *Hyland*, 27 Hun, 167; *People ex rel. Burhans* v. *Supervisors*, 32 Hun, 607; *People ex rel. Smith* v. *Clarke*, 174 N. Y. 259; *People ex rel. McCabe* v. *Matthies*, 179 N. Y. 242; *Central Bank* v. *Shaw*, 121 App. Div. 415; *People ex rel. McDonald* v. *Bd. Suprs.*, 33 Hun, 305; *People ex rel. Myers* v. *Barnes*, 114 N. Y. 317.) A claim which has been audited and assigned to a third party in good faith, for value, can in no case be rescinded. (*People ex rel. Central Nat. Bank* v. *Fitzgerald*, 54 How. Pr. 1.)

*E. W. Hofstatter* for respondent. The board of supervisors had a legal right to rescind its audit of May first, made under a misconception of facts, upon discovery of facts not before it at the time of said audit, and the supervisors were the sole judges whether such facts warranted the rescinding of the audit and their action could only be reviewed by certiorari. (*People ex rel. Hotchkiss* v. *Supervisors of Broome County*, 65 N. Y. 222; *People ex rel. Lawrence* v. *Supervisors*, 48 App. Div.

428; *Adams* v. *Town of Wheatfield*, 46 App. Div. 469; *People ex rel. Close* v. *Wemple*, 144 N. Y. 482; *Osterhoudt* v. *Rigney*, 98 N. Y. 233; *People ex rel.* v. *City of Kingston*, 101 N. Y. 92; *Wey* v. *O'Hara*, 48 Misc. Rep. 90; *People ex rel. Meyers* v. *Barnes*, 114 N. Y. 317; *Bank of Staten Island* v. *City of New York*, 68 App. Div. 233; *People ex rel. Burroughs* v. *Brinkerhoff*, 68 N. Y. 276.)

CARDOZO, J. Charges preferred against the district attorney of Rockland county were followed by the appointment of a commissioner (Public Officers Law, sec. 34; Consol. Laws, chap. 51), and a hearing on the merits. The complainant had an attorney, who prosecuted the proceeding. At its close, a claim for services and expenses was submitted to the board of supervisors. The attorney gave credit for $3,300 received from private subscriptions. He asked the allowance of the unpaid balance. On May 1, 1916, the board of supervisors adopted a resolution that the " unpaid balance of service item be audited and allowed at $3,000, and that the same be paid from the 1916 county audit appropriation." The clerk of the board delivered to the attorney a certified copy of the bill as audited (County Law, sec. 50, subd. 5, Consol. Laws, chap. 16). At the end of the same month; on May 31, 1916, the board revoked its action. No appropriation had yet been made. The resolution recites that the bill " as audited for future payment " was " apparently in excess of a reasonable charge," and was audited " without full consideration of the facts." The audit and allowance were, therefore, rescinded, and the matter left open for future consideration. Two days before this resolution, the attorney made an assignment of his claim to the Equitable Trust Company. The assignee has petitioned for a mandamus directing that the claim as audited be paid. The Special Term refused the writ, and at the Appellate Division the refusal was unanimously affirmed.

We think that the audit and allowance were lawfully rescinded. The appellant concedes that this would be so if the claim were fraudulent or illegal (*Smith* v. *Hedges*, 223 N. Y. 176). The argument is, however, that there can be no rescission for mere error. In such circumstances, action once taken, it is said, is final, no matter how inconsiderate or hasty. We think that precedent and policy demand another ruling. Undoubtedly the audit, unless fraudulent or illegal, is not subject to revision by some other board of supervisors (*Osterhoudt* v. *Rigney*, 98 N. Y. 222; 234; *People ex rel. Smith* v. *Clarke*, 174 N. Y. 259). Action ceases to be tentative or provisional when there is an end to the official life of those who are authorized to act (*Gulnac* v. *Board of Freeholders*, 74 N. J. L. 543). "Subsequent adverse action by a different body is repeal rather than reconsideration" (SWAYZE, J., in *Gulnac* v. *Board of Freeholders*, *supra*). But a different situation is presented when the same board which has considered once, elects to consider again. The rule then is that until audit has been followed by payment or appropriation, the whole transaction is *in fieri*. The board may disallow to-day, and on further consideration allow to-morrow. It may allow to-day, and to-morrow disallow or reduce. That has been the rule since the decision in *People ex rel. Hotchkiss* v. *Supervisors of Broome County* (65 N. Y. 222). The appellant argues that the decision in that case might have been put upon the ground that the audit was voidable for fraud. But that is not the ground on which the court did put it. The rule was broadly announced that an audit by a board of supervisors is quasi-judicial only "in a very largely qualified sense," and "not in any such sense as renders an erroneous or improper audit or allowance incapable of correction by the body committing the error." Even later boards may rescind for illegality or fraud (*Osterhoudt* v. *Rigney*, *supra*). Only the same board may rescind for misconception of the merits (*People* v. *Stocking*, 50 Barb.

573, 583; *People ex rel. Smith* v. *Board of Town Auditors,*
5 Hun, 647; *Matter of Bell* v. *Webb,* 4 App. Div. 614;
*People ex rel. Francis* v. *Cahill,* 5 App. Div. 570, 574;
affd., on opinion below, 158 N. Y. 708; *People ex rel.
Caldwell* v. *Bd. Supervisors, Saratoga Co.,* 45 App. Div.
42, 48; *Adams* v. *Town of Wheatfield,* 46 App. Div. 466,
469; *People ex rel. Laurence* v. *Bd. Supervisors, Delaware
Co.,* 48 App. Div. 428; *Matter of Weeks,* 97 App. Div.
131; 106 App. Div. 45; *People ex rel. Chase* v. *Wemple,*
144 N. Y. 478, 482; *State ex rel. Minden E. L. & P. Co.*
v. *City of Minden,* 84 Neb. 193). Nothing to the contrary
was held in *People ex rel. Myers* v. *Barnes* (114 N. Y. 317)
and *People ex rel. McCabe* v. *Matthies* (179 N. Y. 242).
In the one case, the board that made the audit had
ceased to exist; in the other, it was content with its
ruling, and the attempt was made to procure revision by
mandamus. The appellant would have us obliterate the
distinction between the powers of the same board and
the powers of another. If the rule enforcing the dis-
tinction is not already settled in this court, we think we
should declare it now.

In thus holding, we do not impair the efficacy of the
principle that quasi-judicial action, when the statute
intends it to be final, may not thereafter be revoked
(*People ex rel. Chase* v. *Wemple, supra*). The very
question to be determined is when action becomes final.
That is in every case a question dependent for its answer
upon the scheme of the statute by which power is con-
ferred. We are persuaded that the legislature in the
enactment of the County Law and like laws that have
preceded it, did not mean that audits should be irrev-
ocable as against the better judgment of the auditors.
The purpose of an audit is to fix the items that are to
enter into the annual appropriation (County Law, sec.
12, subd. 2; sec. 51, subd. 1; *Osterhoudt* v. *Rigney, supra,*
at p. 234; *People ex rel. Francis* v. *Cahill, supra*). Allow-
ance is a means to an end. Finality is not reached, while

the life of the board endures, until the end has been attained. This conclusion is consistent with the scheme and purpose of the statute. It is reinforced by a compelling public policy and by long-continued practice. Boards of supervisors must often act hastily and on inadequate information. They ought to have some opportunity to undo and correct an error apparent to themselves. For many years, in the practical interpretation of their powers, they have reserved this opportunity (*People* v. *Stocking, supra; People ex rel. Francis* v. *Cahill, supra*). The practice is wise and lawful. We will not overturn it.

The order should be affirmed with costs.

HISCOCK, Ch. J., CHASE, HOGAN, POUND, McLAUGH-LIN and ANDREWS, JJ., concur.

Order affirmed.