WILLIAM E. PLANTZ, Plaintiff, *v.* THE BOARD OF SUPERVISORS OF RENSSELAER COUNTY, V. BRIGGS SHAW et al., Defendants.

Supreme Court, Albany Special Term, February (Received March, 1924).

Injunctions — taxpayer's action to restrain county board of supervisors — plaintiff deemed entitled to bring action " to prevent an illegal official act " pursuant to General Municipal Law, section 51 — when incumbents of offices deemed to hold over — when proceedings of board of supervisors deemed a nullity — when injunction order modified.

All of the thirty-four members of the present board of supervisors of Rensselaer county were elected at the general election held in November, 1923, and the first act of said board at its annual meeting held on the second Tuesday of January, 1924, all members being present, was to adopt the rules of a prior board

as its rules for 1924 and 1925. Among these was rule 25, which provides as follows: " No motion for reconsideration shall be in order unless on the same day or on the day following that on which the decision proposed to be reconsidered took place, nor unless one of the majority shall move such consideration. A motion to reconsider being put and lost shall not be renewed nor shall any subject be a second time reconsidered without unanimous consent." At this meeting two candidates were proposed for each of the offices or positions of chairman, county attorney, superintendent of the courthouse and court annex, engineer and fireman, elevator engineer, keeper of the courthouse annex, and jail physician. The vote upon these candidates for their respective positions was seventeen to sixteen, one supervisor not voting, and the candidates receiving seventeen votes were declared elected. A motion to reconsider such vote was defeated. A taxpayer's action was commenced to restrain the board of supervisors from reconsidering, without unanimous consent, the vote had at its annual meeting on the appointment of the officers and employees above referred to, and from taking any action to remove from office the former incumbents of those positions upon the claim that they are now entitled to continue therein and hold over because their successors had not been elected or appointed. Upon a motion for the continuance of a temporary injunction during the pendency of the action, *held*, that under section 51 of the General Municipal Law plaintiff had the right to bring the action " to prevent an illegal official act."

The votes of a majority of the members of the board being necessary to make its action effectual, the failure of the board to perform its duty and exercise its right in the premises in a manner to make its action legally effective, the incumbents of those offices held over until their successors were chosen according to law.

The failure to act in obedience to the command of the statute did not dispose of the duty of the board to act because the statute requires action and the duty is performed only by compliance with the statute, and the neglect of the board to perform its duty at the time required by statute did not prevent its performance at some future time.

The ineffectual attempt of the board to perform its duty in the premises was a nullity and there was nothing to reconsider.

If the performance of an act by public officers in the public interest after the expiration of the time fixed by statute is not prohibited thereby, the act is deemed valid if performed afterward.

Motion to continue the injunction order so far as it enjoins the members of the board of supervisors from perfecting its organization by the election of a chairman and from the appointment of officers and employees in the positions referred to, is denied, and said injunction order modified and continued to restrain and enjoin each and all of the defendants, other than the board of supervisors, from interfering with or intruding upon the offices, positions and employments to which they respectively claim to have been legally appointed or elected at the said annual meeting in 1924 until and unless they are hereafter respectively elected to such positions and employments in the manner required by law.

APPLICATION for continuance of temporary injunction pending determination of taxpayer's action to restrain county board of supervisors from reconsidering, without unanimous consent, certain proceedings already had and to prevent removal of certain incumbents from office.

37

*Frederick E. Draper,* for plaintiff.

*Heaton & Mambert,* for defendant Shaw.

STALEY, J.   The board of supervisors of Rensselaer county as now constituted is composed of thirty-four members, all of whom were elected at the general election held in November, 1923, and took office on January 1, 1924.

Section 1 of chapter 124 of the Laws of 1901, as amended by chapter 217 of the Laws of 1904, provides in part as follows:

" Section 1. The board of supervisors of Rensselaer county shall meet yearly, on the second Tuesday of January; * * *.   At such meeting, held on the second Tuesday of January, next after the election of supervisors in such county, the board shall organize itself by electing a chairman from among its members, and a clerk. Such board shall also appoint an attorney, and also a clerk to the building and supply committee of such board.   * * *   The chairman, the clerk and all other appointees of the board shall serve for two years from the date when their appointment takes effect, and until a successor has been appointed and has duly qualified."

At the meeting of the board held on January 8, 1924, the second Tuesday of January, the thirty-four members of the board were present.   Two candidates were proposed for each of the offices or positions of chairman, county attorney, superintendent of the court house and court annex, engineer and fireman, elevator engineer, keeper of the court house annex and jail physician.   The vote upon these candidates for their respective positions was seventeen to sixteen, one supervisor not voting, the candidates receiving seventeen votes being declared elected.   A motion to reconsider the vote by which the above-named officers and employees were appointed was made after the action had been taken thereon and this motion was defeated.

The board at this meeting also adopted as its first act the rules of a prior board as the rules of the board for the years 1924 and 1925.   Among these rules was rule 25, providing as follows:   " No motion for reconsideration shall be in order unless on the same day or on the day following that on which the decision proposed to be reconsidered took place, nor unless one of the majority shall move such consideration.   A motion to reconsider being put and lost shall not be renewed nor shall any subject be a second time reconsidered without unanimous consent."

The plaintiff, as a taxpayer, has commenced th's action to restrain the board of supervisors from reconsidering, without unanimous consent, the vote had at its annual meeting on the appointment of the officers and employees above referred to,

and from taking any action to remove from office the former incumbents of these positions, who plaintiff claims are now entitled to continue therein and hold over because their successors have not been elected or appointed.

A temporary injunction has been granted herein and this application is made for its continuance during the pendency of the action.

Under section 51 of the General Municipal Law, the plaintiff as a taxpayer has the right to maintain an action against the board of supervisors " to prevent any illegal official act," and that is the theory of his complaint.

The right of the plaintiff to maintain this action is challenged by the defendant Shaw on the ground that the statute does not confer upon a taxpayer the authority to bring an action to test the right of a person to office and such question cannot be determined in this action, and that the privilege of a public officer to discharge his powers and perform his duties can only be interfered with by a taxpayer when some illegal act outside of the powers conferred and duties imposed is threatened, and then only when his legal title to the office is not questioned. *Prankard* v. *Cooley,* 147 App. Div. 145; *Jewell* v. *Mohr,* 136 N. Y. Supp. 273. He further urges that the case of *Olmsted* v. *Meahl,* 219 N. Y. 270, is clearly distinguishable from the present case, because no question of title to office was involved therein.

The method of procedure and other technicalities, however, are not deemed of controlling importance by counsel who united upon the argument in the request that the court determine the matters involved upon the merits to the end that the public business of the board and the county may proceed with regularity and validity.

A correct premise is essential to a correct conclusion and the first basis to be established is the legal result accomplished by the action of the board at its January meeting and the effect of this action upon its future power to act.

" Every act or resolution of the board shall require for its passage the assent of a majority of the supervisors elected unless otherwise required by law." County Law, § 17.

Section 41 of the General Construction Law requires a majority of the whole number of the members of a public board to perform and exercise any power, authority or duty which is charged as a public duty to be performed or exercised by the members of such board.

The votes of a majority of the supervisors elected is necessary to make its action effectual. *Williams* v. *Boynton,* 147 N. Y. 426; *People ex rel. Woods* v. *Flynn,* 81 Misc. Rep. 279.

Obviously there was a failure to elect or appoint at the January meeting any of the said officers or employees who did not receive

the vote of a majority of the supervisors elected, and while the duty and power to do so was vested in the board, it failed to perform its duty and exercise its right in a manner to make its action legally effective, with the result that the incumbents of those offices hold over until their successors are chosen according to law.

The counsel for plaintiff urges with great ability that the board having attempted to elect the officers and employees and having failed to do so in a legal manner, the defeat of the motion to reconsider its vote exhausted the power of the board and shut the door to any future action without unanimous consent.

An express statutory duty is imposed upon the board to organize by electing a chairman and a clerk. This duty is to be performed at the January meeting held next after the election of supervisors. The power to appoint an attorney and a clerk is also granted by this same statute.

An attempt to elect or appoint these officers which fails because it is not legally effectual is not a performance of the duty of the board or the exercise of its power. It attempted to elect and failed; its failure was not and could not be an action of the board, for the simple reason that it did not act. Its attempt to do so was a nullity.

Reconsideration is the taking up for renewed consideration that which has been passed or acted upon previously. *People ex rel. Lawrence* v. *Supervisors*, 48 App. Div. 432.

When nothing has been passed and no action has been taken which accomplished an organization of the board or the appointment of its employees, there is nothing to reconsider because nothing has been done.

The rule governing motions for reconsideration refers to the reconsideration of a decision of the board and it must be held to apply to a decision which has actually been made and which is lawful and effective and which expresses the performance of a duty or the exercise of a power.

No legislative body can so part with its power by any proceeding as not to be able to continue the exercise of it. *Ashton* v. *City of Rochester*, 133 N. Y. 187.

Any other view would be adverse to public policy, and the practical doctrine that public officers are clothed with power for action and not inaction in the performance of their duties. The duty which was placed upon the board was to elect its officers and employees. Such a mandatory duty is clearly distinguishable from the right to pass a resolution or not pass it according to the wisdom and judgment of the members of the board. The failure to pass some proposal, the passage of which rests in the sound

discretion and good sense of the members of the board, might well exhaust its power under its rules, if the proposal and the reconsideration of it met defeat. The failure to act in obedience to the command of the statute does not dispose of the duty to act, because the statute requires action and the duty is performed only by compliance with the statute.

The neglect of the board to perform its duty at the time required does not prevent its performance at some future time. *People* v. *Supervisors*, 8 N. Y. 317, 330, and cases cited.

In construing statutes prescribing a time for the performance of acts by public officers, and in the performance of which the public have an interest, if the act does not prohibit the doing of such act after the expiration of the time fixed, the act is deemed valid if performed afterward. *Juliand* v. *Rathbone*, 39 N. Y. 369.

The application for the continuance of the injunction order herein, so far as it enjoins the members of the board of supervisors from organizing such board by the election of a chairman and from the appointment of officers and employees in the positions above referred to is denied, and said injunction order is modified and continued to restrain and enjoin all of the defendants and each of them, other than the defendant board of supervisors, from interfering with or intruding upon the offices, positions and the employments to which they respectively claim to have been legally appointed or elected at the meeting of the defendant board of supervisors held January 8, 1924, until and unless they are hereafter respectively elected to such positions and employments in the manner required by law.

Ordered accordingly.