The board of education was under no duty to act on the nomination of respondent until the presentation of the nomination at a meeting of the board, at which time it was empowered to act. Concededly the nomination was not so presented but was withdrawn by the superintendent of schools before the regular meeting of the board, on December 30,1947. Under the scheme of the statute, which provides for a nomination by the superintendent and appointment by the board, respondent’s nomination by the superintendent was not final and irrevocable and, at any time prior to action by the board, could be withdrawn for proper reasons, which may include error in judgment of the facts in the making of the nomination. (Cf. Matter of Equitable Trust Co. v. Hamilton, 226 N. Y. 241.) Furthermore, the board was not under a time limitation to act on December 30,1947, on the nomination by the superintendent. It may be that as a result of the failure to act at that meeting or before the first of the ensuing month, the civil service list of eligibles, headed by the petitioner, expired. This may have affected the respondent adversely, but does not provide a legal right which would require the board to act nunc pro tune. Nolan, P. J., Johnston, Adel, Sneed and MacCrate, JJ., concur.