Van Voorhis, J.
This is an appeal by the operator-lessee of a hotel in the city of New York known as the -Hotel Albert, located at 65 University Place, from an order denying' its application under article 78 of the Civil Practice Act to vacate and annul an order of the Temporary City Housing Rent Commission of the City of New York (hereinafter called the Rent Commission) dated December 14, 1949. The petition alleges that by said order of December 14, 1949, the Rent Commission reconsidered and annulled a previous order which it had made October 22, 1948, increasing the rents of certain nontransient guests of the hotel by 28%. The later order of the Rent" Commission reimposed the reduced rents retroactively to the date of the first order. The rents of the tenants of the hotel who are affected were increased by the earlier order from an average daily rental per room of approximately $1.50 to about $1.92. Even this increase left these rentals well below the level of the uncontrolled tenants in the hotel, which averaged about $2.50 per day.
Petitioner-appellant bases its contentions on this appeal upon several grounds. It urges that by making its order of October 22,1948, increasing these rents, the Rent Commission exhausted its power to act, and that it could not resume jurisdiction a year afterward by annulling its previous determination, both upon general principles and by reason of the Rent Commission’s rule of procedure limiting applications for reconsideration to twenty days (Procedural Regulation on Applications for Reconsideration, § 2, subd-. [c]). It is also contended that since the rental spaces occupied by these tenants were recontrolled as of April 1,1949, by the Federal Housing and Rent Act of that year (81st Cong., 1st Sess., Public Law 31; U. S. Code, tit. 50, Appendix, § 1891 et seq.), the Rent Commission has been superseded and is functus officio. Appellant also contends that the first order of the Rent Commission should stand upon its merits, and that the later order of revocation was arbitrary, unreasonable and capricious.
*671 The Rent Commission has been held to act in an administrative capacity, although some of its functions bear certain resemblances to those of a quasi-judicial tribunal (Matter of Mouakad v. Ross, 274 App. Div. 74). In considering whether its jurisdiction was exhausted by the order of October 22, 1948, increasing these rents, we treat the Rent Commission as an administrative body. The Court of Appeals in People ex rel. Finnegan v. McBride (226 N. Y. 252) considered the subject of a decision being reconsidered by an administrative body, the municipal civil service commission. The court said (pp. 258-259) that the action of the commission in the establishment of an eligible list should be “regarded as a finality, but the commission’s authority thereon does not wholly cease. It certifies names therefrom for appointment. Error may be corrected by setting it aside if it was the result of illegality, irregularity in vital matters, or fraud. The commission may not act arbitrarily. Public officers or agents who exercise judgment and discretion in the performance of their duties may not revoke their determinations nor review their own orders once properly and finally made, however much they may have erred in judgment on the facts, even though injustice is the result. A mere change of mind is insufficient. Further action must, where power is not entirely spent, be for cause, with good reasons and proper motives for the correction of improper action. ’ ’
A similar question was considered in Matter of Equitable Trust Co.v. Hamilton (226 N. Y. 241) involving reconsideration of an audit by a county board of supervisors. The court said (p. 244): “ Undoubtedly the audit, unless fraudulent or illegal, is not subject to revision by some other board of supervisors (Osterhoudt v. Rigney, 98 N. Y. 222, 234; People ex rel. Smith v. Clarke, 174 N. Y. 259). Action ceases to be tentative or provisional when there is an end to the official life of those who are authorized to act (Gulmac v. Board of Freeholders, 74 N. J. L. 543).”
In the light of these decisions, we conclude that the order of October 22,1948, of the Rent Commission was final under the circumstances of this case. The personnel in the case of two of the three members of the Rent Commission changed after that order was made, and before it was reconsidered and annulled by the order of December 14, 1949, which is now under review. Under Matter of Equitable Trust Co. v. Hamilton (supra) the earlier order could not be reconsidered under such circumstances, unless it was- fraudulent or illegal. The hearing officer *672 and the Rent Commission, in considering the later order, were evidently cognizant of this rule, in view of the reference made in the hearing officer’s report to the proposed conversion from a private electric and steam generating system of the hotel to the purchase of these utilities from the Consolidated Edison Company. This conversion had been accomplished at the time of the original hearing, but not for long enough to accumulate any statistics concerning relative expense of operation. The Rent Commission’s engineer estimated that it would result in an annual saving to the hotel of about $30,000. The hearing officer, although reducing his estimate of the saving to $13,500, stated: “ The plans for the electric change had been made some time earlier and the change had actually been effected before the new balance sheet and income statement were submitted. Under these circumstances, although no fraud may be charged, I conclude that candor required the landlord to call attention to both prospects or to neither.” The other matter referred to by the hearing officer was a prospective wage increase to the employees of the hotel.
The statement that no fraud may be charged is well supported by the record. Although the service might be improved by the change, it was reasonable to believe that little or no saving would be effected in operating expense, particularly in view of the fact that the hotel had been selling $7,000 to $8,000 worth of steam annually to other purchasers, which was scheduled to be discontinued.
Even if the change in personnel of the Rent Commission were to be disregarded in considering the subject of continuing jurisdiction, and if the test of People ex rel. Finnegan v. McBride (226 N. Y. 252, supra) be used, one is obliged to conclude that there was greater irregularity in vital matters in the second order of the Rent Commission than there was in the first, and that the oustanding error in the earlier determination operated to the disadvantage of the hotel. This consisted in eliminating entirely as part of the capital investment the furniture and fixtures in the rooms in the hotel. The hotel was operated upon leased property, and the rent of approximately $35,000 had originally been carried as an operating expense. The Rent Commission properly eliminated this item when the case was first heard, and treated petitioner as though it were the owner of the real property. For some reason, however, although the real estate was treated as a capital asset, the furniture and fixtures were not dealt with, in similar fashion, apparently on *673 the theory that the hotel was on a lease. This inconsistency is admitted by respondent herein. The furniture and fixtures were carried on the statement submitted by the hotel at $200,000. Their correct value, whatever it was, should have been subjected to depreciation at approximately 10%,. and to a return which was, in the case of real estate, applied at the rate of 6%. Other alleged errors have been pointed out, which if they were such, would substantially balance one another' as between landlord and tenants. The error concerning the elimination of the hotel furniture and fixtures was of large enough proportions, however, more than to compensate for any overestimate of expense due to the operation of the private electric and steam generating system, even if the saving were to be computed at the admittedly exaggerated figure submitted by the Rent Commission’s engineer and accountant.
When the second hearing came on before the Rent Commission, petitioner-appellant sought to introduce evidence with respect to the value of the furniture and fixtures and the amount of return and depreciation to be allowed thereon, but the hearing officer indicated that it would not be received, presumably for the reason that it had not been received upon the first hearing.
Petitioner considered the increase in rents of the controlled rooms which was awarded by the order of October 22, 1948, to be satisfactory, instituted no proceeding to review it in court, and consequently the error of the Rent Commission in eliminating the furniture and fixtures from consideration was never corrected. It could not be corrected now, inasmuch as that Rent Commission has passed out of existence. Redress for the future, if any be warranted, at the instance of landlord or tenants,"may be had from the newly constituted State commission.
The other contentions of appellant need not be further considered.
The order appealed from should be reversed, petitioner’s application should be granted, and the order of the Rent Commission of December 14, 1949, should be annulled and its order of October 22, 1948, should be reinstated, with costs.
Peck, P. J., Glenitoit, Dose and Cohit, JJ., concur.
Order unanimously reversed, with $20 costs and disbursements to the appellant, petitioner’s application granted, and the order of the commission, dated December 14, 1949, annulled, and its order of October 22,1948, reinstated, with costs. Settle order on notice.