■ IRVING KRAMER, Appellant, v. TOWN OF BROOKHAVEN et al., Respondents.— In an action, *inter alia,* to declare that, upon a certain tract of unimproved real property, plaintiff has the right to erect dwellings on minimum plots of 75-foot frontage by 100-foot depth, even though a dwelling on a plot of such dimensions is. not permissible under the Building Zone Ordinance of the Town of Brookhaven, the plaintiff appeals from a judgment of the Supreme Court, Suffolk County, rendered February 26, 1964 upon the court's decision after a nonjury trial on stipulated facts, dismissing the complaint with prejudice and making a declaration in the defendants' favor. Judgment affirmed, without costs. ·Plaintiff relied on a resolution of the defendant Town Board, dated April 24, 1956, purporting to permit the construction in question, such resolution having been adopted under former section 1711C of the Zoning Ordinance. With respect to certain specified properties, that section recognized that it would be inequitable to require adherence to the Zoning Ordinance's requirements as to plot size and width; and empowered the Town Board to vary and adjust the requirements as to such properties, provided that applications for such relief were made not later than December 31, 1955. Plaintiff also relied on two further resolutions or determinations of the Town Board, respectively dated February 5, 1957 and August 20, 1957, relating to the relief that had been granted by the prior April 24, 1956 resolu-

tion. The property was still unimproved on. November 28, 1961 when the Town Board, then comprised of a different membership than had obtained at the time of the August 20, 1957 determination, adopted a resolution revoking the grant under section 1711C of the relief which had been given for the subject property and for certain other properties, on the grounds, as stated in the revoking resolution, of "the failure of the petitioner, in each case, to have either tentative or final approval for the subdivision map for which Section 1711C relief was requested, and as a result of the various facts developed at the public hearings heretofore had". The new board had the power, at least on the ground of fraud or illegality, to adopt the revocation resolution (*Matter of Equitable Trust Co.* v. *Hamilton*, 226 N. Y. 241; *People ex rel. Chase* v. *Wemple*, 144 N. Y. 478). The appeal record contains ·nothing on which it could be found that the new board did not make its determination on a ground within its jurisdictional competence, namely, the illegality of the prior resolutions. In our opinion, the revocation resolution operated not only against the April 24, 1956 resolution but also against the two 1957 resolutions. We pass on no other questions. Beldock, P. J., Kleinfeld, Christ, Hill and Rabin, JJ., concur.