THE PEOPLE ex rel. FERDINAND W. CHASE, Appellant, *v.* EDWARD WEMPLE, as Late Comptroller, etc., et al., Respondents.

THE PEOPLE ex rel. FERDINAND W. CHASE, Appellant, *v.* FRANK CAMPBELL, as Comptroller, etc., Respondent.

The papers presented to the state comptroller on application for the redemption of a certain lot sold for unpaid taxes, bid in by the state and then conveyed to C., showed that one K. had erected a log house upon the lot before the sale, and had fenced and cleared about an acre of the land; that he lived in the house when the time to redeem expired, and had lived in it ever since its erection and occupied the land as his home, cultivating the ground annually, and had raised upon other parts of the lot crops of various kinds, and cut hay from it, and no notice to redeem

1895.]    People ex rel. Chase *v.* Wemple et al.    479

N. Y, Rep.]                Statement of case.

was given to the occupant; also, that notice of the application was given to C.   Upon these facts, no reason appearing to the contrary, the comptroller granted the application.   On certiorari to review the order, *held*, no error; that the occupancy proved was of such a nature as to require notice to the occupant before the tax title could exclude redemption.

*People ex rel.* v. *Campbell* (143 N. Y. 335), distinguished.

On a subsequent application made to the comptroller to vacate the redemption it appeared that the original application which was made to his predecessor in office was resisted by C., and its consideration agreed to be postponed until the determination of an ejectment suit brought against C., in which the question of the actual occupancy of the lot was involved. C. succeeded in that action upon the ground that an accurate survey showed that the house of K. was not upon the lot, but upon one adjoining it, and that while that judgment was in force the comptroller, in ignorance of the arrangement with his predecessor, granted the order of redemption.   The comptroller declined to vacate the order on the ground of want of power.   *Held*, no error; that the action of that officer, so far as it is of a judicial nature, is bounded and controlled by the strict and limited jurisdiction conferred by statute, and no right is thereby given to him to vacate his own orders except in the single case of the cancellation of a tax sale.   (Chap. 120, Laws of 1873; § 21, chap. 711, Laws of 1893.)

Reported below, 80 Hun, 504.

(Argued January 14, 1895; decided January 22, 1895.)

Appeal from orders of the General Term of the Supreme Court in the third judicial department, entered upon orders made September 27, 1894, which affirmed in each of the above cases a determination of the comptroller and quashed a writ of certiorari.

The facts, so far as material, are stated in the opinion.

*Frank E. Smith* for appellant.   The comptroller had power to set aside the redemption.   (Laws of 1873, chap. 120 ; Laws of 1893, chap. 711, § 21 ; *People ex rel.* v. *Chapin*, 105 N. Y. 309 ; *Osterhoudt* v. *Rigney*, 98 id. 222 ; *People ex rel.* v. *Bd. Suprs.*, 73 id. 173.)   The redemption was improperly allowed.   (*People ex rel.* v. *Campbell*, 67 Hun, 590 ; 143 N. Y. 335.)   The redemption was irregular and illegal in that no notice of the contemplated action of the comptroller was given to Chase.   (*Ostrander* v. *Darling*, 53 Hun, 190 ; 127 N. Y. 70.)   The orders of the General Term are appealable

**480**     People ex rel. Chase *v.* Wemple et al.     [Jan.,

Opinion of the Court, per Finch, J.     [Vol. 144.

to this court. (*People ex rel.* v. *Tax Comrs.*, 85 N. Y. 655; *People ex rel.* v. *Wemple*, 139 id. 240.)

*G. H. Beckwith* for respondents. The action of Comptroller Campbell in allowing the redemption upon Miss Hall's application was required by the statute then in force. (Laws of 1890, chap. 556; Laws of 1885, chap. 427; Laws of 1892, chap. 463.) The comptroller had no power to set aside the redemption which he had allowed November 28, 1892. (31 Hun, 286; 37 id. 167; 104 N. Y. 369.) The comptroller having decided in favor of the application to redeem in accordance with authority given him, and as required by law, upon sufficient evidence, his decision is conclusive, and should not be set aside by this court. (*People* v. *Zoll*, 97 N. Y. 203.) This court ought not to reverse or modify the decision of the comptroller upon the new evidence brought before him long after the time allowed therefor, and after he has upon satisfactory evidence allowed the redemption. (Laws of 1890, chap. 556; Laws of 1892, chap. 463.) The only question which section 2140 of the Code provides can be determined upon this appeal should be decided with the respondent. (6 Hun, 229; 52 How. Pr. 289; *People* v. *Wiegant*, 14 Hun, 556; *People* v. *Comrs.*, 93 N. Y. 97; *People* v. *Zoll*, 97 id. 203.)

Finch, J. Two writs of certiorari were issued upon the petition of the relator, one to review the action of the Comptroller in accepting a redemption of lot 181 in the Old Military Tract, Franklin county, and the other to review his refusal to vacate that redemption as being beyond his official power.

The redemption itself, upon the papers before Comptroller Campbell, was lawful and proper. They showed that Charlotte G. Hall was the owner of lot 181; that it had been sold for the taxes of 1871, 1877 and 1881, and bid in by the state and then conveyed to the relator; that the lot was occupied when the time to redeem had expired and no notice had been given to the occupant, and that notice of the application had

1895.]    People ex rel. Chase *v.* Wemple et al.    481

N. Y. Rep.]        Opinion of the Court, per Finch, J.

been given to the relator who held the tax title.   Upon these facts, no reason appearing to the contrary, Comptroller Campbell acted and permitted the redemption.   The criticism now made is that the papers disclose no sufficient proof of occupation.   They showed that one Kellogg, in 1878, erected on the lot a log house and cleared and fenced about it one acre of the land; that he had ever since lived in the house and occupied the land as his home and cultivated the ground annually, and in addition raised upon other parts of the lot hops and grain and potatoes and cut from it hay.   His occupation, continuous and permanent, and for the purpose of a home, was very different from that which we held insufficient in *People ex rel. Marsh* v. *Campbell* (143 N. Y. 335), where a log house was built as a hunting camp on an island, and used only at intervals and as a convenience when engaged in the pursuit of game.   The occupancy proved was of such a character as to require notice to the occupant before the tax title could exclude a redemption, and the action of the comptroller was lawful and proper.

But the real difficulty about it appears in the papers on the second writ and rested upon facts unknown to Comptroller Campbell.   The application which he found on his files and granted was made to his predecessor, Wemple; was resisted by the relator; and its consideration agreed to be postponed until an ejectment suit brought by Miss Hall against the relator and involving the question of the actual occupancy of lot 181 should be determined.   In that action the relator succeeded upon the ground that an accurate survey threw Kellogg's house off of the lot in question and upon a lot adjoining, and it was while that judgment was in force that Comptroller Campbell, in ignorance of the arrangement with his predecessor, granted the order of redemption.   These facts were brought to his attention, and he was asked to vacate his order, but declined to do so solely on the ground of want of power.

I think he decided correctly in that respect.   His action so far as it was of a judicial character was bounded and con-

trolled by the strict and limited jurisdiction conferred by the statute. That gave him no right to review his own orders and annul or vacate them except in the single case of the cancellation of a tax sale. He is authorized to vacate such an order on any one of three specified grounds. (Chap. 120, Laws of 1873; chap. 711, Laws of 1893, § 21.) But no such authority is given as to an order of redemption. The two things are very different. One is in the interest of the state, the other is against the interest of the owner, and the latter authority would keep the owner's title under a continual cloud; for if, notwithstanding his redemption, it is subject to be annulled and vacated by the order of the comptroller very little of protection or security has been gained.

But it is said that since that officer acts judicially in granting the redemption he has an inherent power to vacate his own orders. I do not understand that he has any power except that which the statute gives him. It is the general rule that officers of special and limited jurisdiction cannot sit in review of their own orders or vacate or annul them. A justice of the peace cannot set aside or alter a judgment after he has entered it. (*Stephens* v. *Santee*, 49 N. Y. 39.) The nearest approach to an exception is in the case of an audit by a board of supervisors to which the learned counsel for the appellant calls our attention. (*People ex rel. Hotchkiss* v. *Supervisors*, 65 N. Y. 225.) That case explicitly concedes the general rule, and then goes upon the ground that the boards of supervisors are a local legislature and exercise *quasi* judicial powers only in a qualified sense. I know of no other exception, and do not think we can graft upon the special and limited powers of the comptroller when acting judicially the general powers which belong to courts of original jurisdiction.

I think, therefore, both orders were right and should be affirmed, with costs.

All concur.

Orders affirmed.