(11 Misc. Rep. 239.)

PEOPLE ex rel. COCHRANE v. WELLS et al., Commissioners of Excise.

(Supreme Court, Special Term, Kings County.   February, 1895.)

EXCISE COMMISSIONERS—TRANSFER OF LICENSE—RECONSIDERING ACTION.

   The excise commissioners, by granting an application to transfer a liquor license, completely perform the judicial duty imposed on them, leaving only the ministerial duty of issuing their certificate of transfer; and they cannot afterwards reconsider their action, on the ground that they had overlooked certain objections which had been interposed to the application.

Application by William Cochrane for a writ of mandamus to compel Leonard R. Wells and others, commissioners of excise, to deliver a certificate authorizing the transfer of a liquor license from one Joseph Scotto to relator.

Paul E. De Fere, for relator.

Jacob Brenner, for respondent board.

GAYNOR, J.   The following facts are established:   Joseph Scotto held a license to sell liquors upon his premises on Sixtieth street, which will expire on May 1st next.   On August 6, 1894, by a written assignment on the back of it, he transferred the said license to the relator.   On the next day the relator applied to the commissioners of excise of the city of Brooklyn for their permission for such transfer, and also for their permission that he carry on business under the said license upon other premises; namely, his store on Sixty-Fifth street.   The statute vests the commissioners with power and discretion to grant permission for the transfer of licenses from person to person, and from place to place. Laws 1892, c. 401, § 26, amended by Laws 1893, c. 480.   The relator made his application in due form, filed the statutory bond, and complied with every requirement.   The commissioners thereupon had presented to them a matter not calling for mere ministerial action on their part, but for an exercise of the judicial power and discretion vested in them.   They had to exercise, first, their judicial function of deciding whether they would grant the two transfers, which involved the licensing of both the relator and his place; and, if they granted them, then would come the mere ministerial act and duty of issuing the prescribed written certificate (section 26); the same as the entering of a judgment follows the rendering of it.   The commissioners advertised the application in the usual way, and on August 29th, when it was reached in due order, they granted it.   They evidenced their action by an indorsement of approval upon the application and upon the bond,

and by a resolution entered upon their minutes, which in so many words granted the application, and stated the person from and to whom, and the place from and to which, the transfers were made. The judicial duty devolved upon them was thus completely performed. On October 13, 1894, the commissioners passed a resolution reconsidering the foregoing resolution, and denying the application. Meanwhile they had notified the relator of objections to the licensing of his place, which they had overlooked on the day of granting his application, and discovered on the next day, and had heard such objections, the relator being present with counsel. The relator insists that they must issue the certificate of transfer to him.

It seems to me that the recent case of People v. Wemple, 144 N. Y. 478, 39 N. E. 397, requires that I grant this application. In that case the facts were that an application was made to the state comptroller by an alleged occupant of land to redeem such land from a tax sale. It was resisted by another, and the contestants agreed to postpone its consideration until the determination of a pending ejectment action against the applicant, which involved the question of the occupancy of the land. A new comptroller succeeded, and, being ignorant of this arrangement, granted the application, and made an order accordingly. The applicant was beaten in the ejectment action, and thereupon application was made to the comptroller by the contestant to vacate his said order of redemption. His refusal to do so was upheld on the ground that his action in granting the redemption was judicial, and therefore not open to review by himself. That case was more extreme than the one now before the court. The comptroller would not have granted the redemption order if he had known of the arrangement to await the result of the ejectment action. He really acted by mistake. The rule is strict, and may sometimes seem unreasonable; but, after all, it is seated in deep reason and sound policy, for if those who act judicially were allowed upon this pretext or that, or for this alleged oversight or that, to turn back and review their own acts, it would result in the grave consequences which always follow instability and vacillation in government. That disputes and uncertainties be settled is generally of more importance than how they are settled. That the relator afterwards appeared upon the hearing does not show acquiescence on his part, for, as the return itself alleges, he then had no knowledge of the decision of the commissioners in his favor. Acquiescence may only be predicated upon full knowledge of the facts. There is no room to even question the entire good faith of the commissioners. Let final order for the relator be entered.