[S. F. No. 5724. In Bank.—August 24, 1911.]

## WALTER A. COOK et al., Respondents, v. CIVIL SERVICE COMMISSION OF THE CITY AND COUNTY OF SAN FRANCISCO et al., Appellants.

PUBLIC OFFICERS—SAN FRANCISCO—CIVIL SERVICE COMMISSION—POWER TO STRIKE NAMES FROM LIST OF ELIGIBLES.—The civil service commission of the city and county of San Francisco derives its powers from the charter of that city and county. Among those powers, is not the arbitrary right to strike names from the list of eligibles. The only authority to remove names from such a list is given by section 10 of article XIII of the charter, which provides that "the commissioners *may* strike off names of candidates from the register after they have remained thereon more than two years."

ID.—APPEAL FROM JUDGMENT ANNULLING LIST OF ELIGIBLES—ANNULMENT OF LIST PENDING APPEAL UNAUTHORIZED.—A judgment of the superior court declaring void an examination which had been held by the civil service commission for the promotion of certain captains in the fire department to the rank of battalion chief, and ordering the list of eligibles annulled, from which an appeal had been taken, has no mandatory effect until made final by a court having competent appellate jurisdiction, and, pending such appeal, does not justify the commissioners in setting aside the eligible list.

ID.—OBJECT OF CIVIL SERVICE EXAMINATIONS—COMMISSION CANNOT SET ASIDE ELIGIBLE LIST.—The purpose of holding examinations by the civil service commission is to create a permanent eligible list not subject to expunction upon the caprice of any board or officer of the municipal government. There is no grant of power directly given by the charter, or necessarily implied from the prerogatives conferred, which enables the commission properly to set aside its own action after it had declared a list of eligibles, except in the single instance provided for in section 10 of article XIII of the charter.

MOTION to dismiss an appeal from a judgment of the Superior Court of the City and County of San Francisco set-

ting aside and annulling an examination which had been held
by the civil service commission of that city and county for the
promotion of certain captains in the fire department to the
rank of battalion chief.  George A. Sturtevant, Judge.

The facts are stated in the opinion of the court.

Percy V. Long, City Attorney, John T. Nourse, Assistant
City Attorney, Harry G. McKannay, and Charles W. Slack,
for Appellants.

George A. Connolly, *Amicus Curiæ*, for Michael Boden, a
party beneficially interested.

John T. Williams, and Choynski & Humphrey, for Respondents.

MELVIN, J.—An appeal was taken to the district court of
the first appellate district from a judgment of the superior
court of the city and county of San Francisco, setting aside
and annulling an examination which had theretofore been held
by the civil service commission of that city and county, for
promotion of certain captains in the fire department to the
rank of battalion chief.  On motion, the district court dismissed the appeal for the reasons shown in the following order:

"It appearing in this case that the civil service commission,
defendants, in an action brought in the superior court to annul
and set aside an order made by them, prosecuted this appeal
from that order; and that since taking said appeal they have
complied with the order made by the said superior court and
have of their own volition obeyed the order made by the
superior court of which they complain, and they being the
only parties before this court, the proceedings here relate to
what is now a moot question, and that any decision this court
might make would avail nothing except to probably lay down
the law for other parties, the appeal is dismissed."

This court granted a petition for a hearing here, and the
matter now comes up for action.  The dismissal of the appeal
is opposed upon several grounds, but in view of the conclusion
which we have reached, only one of them need be noticed.
It is insisted that the attempted compliance with the judgment of the superior court was utterly without effect, because

of lack of power in the civil service commission to make an order vacating the examination and setting aside the eligible list which had been made as a result thereof. The civil service commission derives its powers from the charter of the city and county of San Francisco. Among those powers is not the arbitrary right to strike names from the list of eligibles. The only authority to remove names from such a list is given by section 10 of article XIII of the charter, which provides:

"The commissioners *may* strike off names of candidates from the register after they have remained thereon more than two years."

True, the superior court had declared the examination void and had ordered the list annulled, but an appeal having been taken from that judgment it was of no binding, mandatory effect until made final by the action of a court of competent appellate jurisdiction. If the commission could have set aside the eligible list while the matter of the validity of the examination was *sub judice,* it could have done the same thing in the absence of any proceeding, and without any order of court. The very purpose of holding examinations by the civil service commission was to create a permanent eligible list not subject to expunction upon the caprice of any board or officer of the municipal government. There was no grant of power directly given by the charter, or necessarily implied from the prerogatives conferred, which enabled the commission properly to set aside its own action after it had declared a list of eligibles, except in the single instance cited above. It follows that the board went beyond its authority in taking the action which was the basis of the order of dismissal by the district court of appeal. There is nothing in this conclusion conflicting with the reasoning in the opinion in *Nunan* v. *Valentine,* 83 Cal. 588, [23 Pac. 713]. In that case there was no question that *prima facie* the appellant had the right to dismiss the appeal. Here, however, we are called upon to determine the power of a municipal agency, created and limited in its authority by charter, to make an order setting aside its previous action.

The motion is denied.

Sloss, J., Angellotti, J., Lorigan, J., and Henshaw, J., concurred.