[L. A. No. 15470. In Bank.—May 21, 1936.]

GEORGE A. HEAP, Appellant, v. CITY OF LOS ANGELES (a Municipal Corporation) et al., Respondents.

Leo V. Youngworth and J. Harold Decker for Appellant.

Ray L. Chesebro, City Attorney, Frederick von Schrader, Assistant City Attorney, and Thatcher J. Kemp and Jerrell Babb, Deputies City Attorney, for Respondents.

THE COURT.—A hearing was granted in this case after decision by the District Court of Appeal, Second Appellate District, Division One. After further consideration, we adopt the following opinion of said court as part of the opinion of this court:

■ "Respondents' demurrer to appellant's petition for a writ of mandate was sustained without leave to amend, and the appeal is from the judgment subsequently entered against petitioner. The petition alleges that the appellant, a civil service employee in the bureau of engineering of respondent city, was discharged from his position, and that he thereupon made written application to the civil service commission for an investigation of the grounds for such discharge and hearing thereon. A certified copy of the findings of the commission, the statutory name of which is 'Board of Civil Service Commissioners', is made a part of the petition. This shows that on November 13, 1931, 'a motion was adopted rescinding the action of the Civil Service Commission on October 20, 1931, sustaining said discharge', and that a second motion was then adopted, finding that the grounds stated for the discharge of the appellant were not sustained and ordering him restored to duty. The only question presented on this appeal is whether or not the civil service commission, after having passed upon the question submitted to it, could thereafter vacate its findings and make another and contrary order. Respondent contends that when the commission acted on the matter it exhausted its jurisdiction, and that the subsequent resolution is void.

"The charter of the respondent city provides that a discharged employee may file an application with the board of civil service commissioners for an investigation of the grounds for his discharge. It further provides: 'If after such investigation said board finds, in writing, that the grounds stated for such removal, discharge or suspension were insufficient or were not sustained, and also finds in writing that the person

removed, discharged or suspended is a fit and suitable person to fill the position from which he was removed, discharged or suspended, said board shall order said person . . . to be reinstated or restored to duty. The order of said board with respect to such removal, discharge or suspension shall be forthwith certified to the appointing board or officer, and shall be final and conclusive; . . . ' (Sec. 112 [a], Stats. 1925, pp. 1024, 1067.)

''The jurisdiction of the commission is a special and limited one. (*Peterson* v. *Civil Service Board,* 67 Cal. App. 70 [227 Pac. 238].) The required procedure was followed, and the question of appellant's discharge was determined by the commission when it adopted the first resolution. Its action sustaining his discharge was 'final and conclusive'. (*Krohn* v. *Board of Water & Power Commissioners,* 95 Cal. App. 289, 296 [272 Pac. 757].) It had no jurisdiction to retry the question and make a different finding at a later time. The charter gives no such grant of power, and it may not be implied. 'A civil service commission has no inherent power after entering a final order dismissing an officer from the service to entertain a motion for new trial or rehearing and review and set aside its prior order.' (43 Cor. Jur. 682. See, also, *Cook* v. *Civil Service Commission,* 160 Cal. 598, 600 [117 Pac. 662].)''

Petitioner urges that the case of *Lane* v. *United States,* 241 U. S. 201 [36 Sup. Ct. 599, 60 L. Ed. 956], sustains his position. It was therein held that the secretary of the interior had power to reconsider a prior administrative order as to which persons were heirs of an Indian allottee of land, despite the fact that his order was, under the statute, ''final and conclusive''. A reading of the opinion, however, discloses that at the time the redetermination was made, title to the land was still in the United States and under the administrative control of the land department. There were undoubtedly several grounds, both of policy and statutory interpretation, for holding that in such a case a high executive officer had power to reconsider his orders.

But the rule stated above, that a civil service commission has no such power in the absence of express authorization, is sound and practical. If the power were admitted, what procedure would govern its exercise? Within what time would it have to be exercised; how many times could it be

exercised? Could a subsequent commission reopen and reconsider an order of a prior commission? And if the commission could reconsider an order sustaining a discharge, could it reconsider an order having the opposite effect, thus retroactively holding a person unfit for his position? These and many other possible questions which might be raised demonstrate how unsafe and impracticable would be the view that a commission might upset its final orders at its pleasure, without limitations of time, or methods of procedure. Seemingly in recognition of this, the Los Angeles charter expressly provides a procedure for reconsidering orders of suspension or removal of policemen or firemen by a board of inquiry, within three years after the making of an order; but no such procedure is provided in the case of the civil service commission.

Petitioner finally suggests that the petition does not affirmatively allege a prior order of the commission of October 20, 1931, certified to the board of public works, and that therefore it was improper to sustain the demurrer without leave to amend. There is no merit in this point, for the exhibit to the petition, which is the order of November 17th, expressly refers to the prior action of October 20, 1931, and purports to rescind it. The fact of a prior order is thus definitely established, and the demurrer was properly sustained.

The judgment is affirmed.