[L. A. No. 16197. In Bank.—July 1, 1937.]

RICHARD T. PROUD et al., Respondents, v. MERWYN S. McGREGOR et al., Appellants.

Maxwell Nichols, City Attorney, for Appellants.

Coleman F. Stewart for Respondents.

SEAWELL, J.—By writ of mandate the Superior Court of Santa Barbara County has directed the reinstatement of plaintiffs as policemen of the city of Santa Barbara. The three members of the Board of Police and Fire Commis-

sioners, against whom the writ is directed, prosecute this appeal.

The said board by resolution passed on July 10, 1935, dismissed plaintiffs from their positions as policemen. The resolution as first passed cited no grounds for removal, but on August 5, 1935, and on October 9, 1935, additional resolutions were passed, reciting that the motion of July 10th inadvertently omitted to state that the dismissals were "made for the improvement of the public service", and should be amended to so state.

Under section 71 of the charter of said city policemen are appointed by the Board of Police and Fire Commissioners, and "hold office during good behavior, unless removed for cause or for the improvement of the public service . . . " ° The dismissal of plaintiffs on July 10, 1935, was without a statement of cause filed against them, and without prior notice and investigation. It is the contention of defendant commissioners on this appeal that certain provisions of the charter (secs. 70 and 100) providing for suspension by the chief of police "for cause", for the filing of a statement of cause with the board, service of a copy on the suspended member, and investigation do not apply where a dismissal is made by the board "for the improvement of the public service"; that in such cases summary dismissals are authorized under the charter. The trial court rejected this contention and granted the writ of mandate on the ground that the dismissals were invalid because not in compliance with sections 70 and 100 of the charter.

The judgment must be reversed without regard to the above contention of defendant commissioners. Plaintiffs were first dismissed from the police department in February, 1935, for cause, after hearing held, on the ground that they had suffered and encouraged the maintenance of a house of prostitution, and had failed to prevent violations of section 315 of the Penal Code, to enforce said section or to arrest persons violating it. By its order of removal the board further found that plaintiffs were not fit and suitable persons to fill the positions from which they were removed. Thereafter plaintiffs were not connected with the department until June 28, 1935.

On June 28, 1935, the defendants herein, who constituted the members of a new Board of Police and Fire Commis-

sioners, reinstated the plaintiffs by a vote of two to one, Commissioners McGregor and Van Paing voting in the affirmative and Commissioner Harris voting against reinstatement. On July 10th, twelve days later, the same board voted to dismiss plaintiffs, Commissioner Van Paing voting with Commissioner Harris.

The order of June 28th, purporting to reinstate plaintiffs, was void. Under express provisions of the charter, the plaintiffs were not eligible to reinstatement. Their reinstatement being void, it was not required that the board comply with any prescribed removal procedure. We do not decide whether if plaintiffs had been validly appointed on June 28th they could be removed without compliance with sections 70 and 100 of the charter.

Section 99 of the charter is as follows: "The board shall by its rules provide for . . . (c) reinstatement to list of eligibles of persons who have become separated from service or have been reduced in rank in the service, *other than persons who have been removed for cause.*" If the board could not provide for reinstatement of those removed for cause to the list of eligibles, it could not reinstate them directly, without first placing them on such a list. Thus the charter prohibits the reinstatement of persons who have been removed for cause. Plaintiffs were removed for cause by order of the board on February 26, 1935, in compliance with the procedure prescribed in sections 70 and 100. A transcript of the removal proceedings is included herein in the record on appeal. Section 100 provides that the "decision of said board upon all matters of suspension, discipline and dismissal shall be final". The attempt of the defendants as members of a new board to reinstate plaintiffs was in violation of the express mandate of the charter.

The question of finality of an order of removal of this kind was directly passed on in *Heap* v. *City of Los Angeles*, 6 Cal. (2d) 405 [57 Pac. (2d) 1323]. There the commission by order of October 21, 1931, sustained the discharge of an employee, and by order of November 13, 1931, attempted to rescind its order and restore him to duty. It was held that the commission could not vacate its first order in the absence of an express provision therefor in the charter. In the instant case defendant commissioners, being members of a new board, simply passed a motion by two to one vote to

reinstate plaintiffs. This they could not do. Twelve days later one of the commissioners who had voted for reinstatement moved to dismiss plaintiffs after reading the transcript of the proceedings at the removal hearing of February, 1935.

 Since plaintiffs are not eligible to reinstatement under section 99 of the charter, and the order purporting to reinstate them was void, the judgment must be reversed, notwithstanding the defendant commissioners did not rely in their answer on the invalidity of said reinstatement, but relied solely on their right summarily to remove said police officers ''for the improvement of the public service''. From what we have said the question whether removal ''for cause'' and removal ''for the improvement of the public service'' are used as interchangeable terms, and are therefore synonymous in meaning, is not material on this appeal. The charter was so amended by the fifty-second session of the legislature (1937) as to eliminate this question from future consideration.

The judgment is reversed.

Shenk, J., Edmonds, J., Nourse, J., *pro tem.,* Sturtevant, **J.,** *pro tem.,* and Curtis, J., concurred.