[Civ. No. 12769. First Dist., Div. Two. Dec. 1, 1944.]

THOMAS L. HOERTKORN et al., Appellants, v. JERE-MIAH F. SULLIVAN, JR., et al., as Members of the Police Commission, etc., Respondents.

Joseph A. Brown for Appellants.

John J. O'Toole, City Attorney, and Walter A. Dold, Chief Deputy City Attorney, for Respondents.

NOURSE, P. J.—Plaintiffs were formerly members of the San Francisco Police Department and were removed therefrom in 1936 after trial on charges of misconduct before the local police commission. In November, 1943, they filed a petition with the Police Commission asking that body to review the case and reinstate each to his former rank and position. The commission determined that it was beyond its jurisdiction to hear the matter on the ground that there was no law authorizing it to rehear the former proceedings, or to reinstate petitioners. Plaintiffs then filed a writ of mandate praying that an order be directed to the Police Commission requiring it to consider their petitions on the merits. Defendants' demurrer was sustained and judgment dismissing the proceedings followed.

On their appeal from the judgment appellants contend that the commission had jurisdiction to revoke the prior orders of discharge, and to reinstate plaintiffs to their former positions and rank under the general provisions of section 35 of the San Francisco Charter. The defendants answer that such power does not exist unless expressly conferred in the charter. They also argue that judgments on prior writs affirming the orders of discharge are res judicata. We will confine our discussion to the question of the power of defendants to rehear or to vacate an existing order of discharge.

The case is controlled by the rule of decision found in *Heap v. City of Los Angeles,* 6 Cal.2d 405 [57 P.2d 1323]; *Proud v. McGregor,* 9 Cal.2d 178 [70 P.2d 194], and *Cook v. Civil Service Commission,* 160 Cal. 598 [117 P. 662]. In the former an order was made by the Civil Service Commission of the City of Los Angeles rescinding a former order discharging petitioner from his position in the municipal civil service. In a proceeding in mandamus to enforce the second order the Supreme Court affirmed the judgment of the supe-

rior court holding that petitioner had no cause of action. In its opinion the Supreme Court said that the only question presented was whether the commission could vacate its order of discharge and reinstate the petitioner. In holding that this could not be done without express authority in the municipal charter the Supreme Court said: (p. 407)

"The jurisdiction of the commission is a special and limited one. *(Petersen* v. *Civil Service Board,* 67 Cal.App. 70 [227 P. 238].) The required procedure was followed, and the question of appellant's discharge was determined by the commission when it adopted the first resolution. Its action sustaining his discharge was 'final and conclusive.' *(Krohn* v. *Board of Water and Power Commissioners,* 95 Cal.App. 289, 296 [272 P. 757].) It had no jurisdiction to retry the question and make a different finding at a later time. The charter gives no such grant of power, and it may not be implied. 'A civil service commission has no inherent power after entering a final order dismissing an officer from the service to entertain a motion for new trial or rehearing and review and set aside its prior order.' (43 C.J. 682. See, also, *Cook* v. *Civil Service Commission,* 160 Cal. 598, 600 [117 P. 662].) "

The same rule was followed in *Proud* v. *McGregor, supra.* In that case the petitioners had been dismissed for cause by the Santa Barbara Police Commission after hearing held. Later the commission purported to reinstate them to their former positions. In holding that this could not be done the Supreme Court relied upon the ruling in the Heap case and said that the commission was without power to vacate its order of dismissal or to reinstate the petitioners.

In *Cook* v. *Civil Service Commission, supra,* the question presented was the right of the commission to set aside a list of eligible appointees which had been duly adopted in accordance with the provisions of the San Francisco Charter. The court said: (p. 600) "There was no grant of power directly given by the charter, or necessarily implied from the prerogatives conferred, which enabled the commission properly to set aside its own action after it had declared a list of eligibles, except in the single instance cited above. It follows that the board went beyond its authority in taking the action which was the basis of the order of dismissal by the district court of appeal."

In commenting upon the reasonableness of the rule which

forbids a vacation of a valid order of discharge the Supreme Court in the Heap case said: (p. 407)

"But the rule stated above, that a civil service commission has no such power in the absence of express authorization, is sound and practical. If the power were admitted, what procedure would govern its exercise?. Within what time would it have to be exercised; how many times could it be exercised? Could a subsequent commission reopen and reconsider an order of a prior commission? And if the commission could reconsider an order sustaining a discharge, could it reconsider an order having the opposite effect, thus retroactively holding a person unfit for his position? These and many other possible questions which might be raised demonstrate how unsafe and impracticable would be the view that a commission might upset its final orders at its pleasure, without limitations of time, or methods of procedure."

Following the rule that express legislative authority is necessary before an administrative agency may review or revoke its order of dismissal are *Pacheco* v. *Clark*, 44 Cal.App. 2d 147, 153 [112 P.2d 67]; *Olive Proration etc. Com.* v. *Agricultural Prorate Com.*, 17 Cal.2d 204, 209 [109 P.2d 918].

Appellants seek to escape the force of this rule by reference to section 35 of the San Francisco Charter which confers upon the police commission authority of "management" of the police department. This is but a general section which creates the commission and states its purposes. It does not in any respect conflict with the special provisions of section 155 defining the powers of the commission in relation to the discipline of the members of the police force and prescribing the procedure of trial and punishment upon conviction of a specified offense. Since this power to punish after hearing does not carry the express power to revoke or to reinstate, such power does not exist.

The judgment is affirmed.

Spence, J., and Sturtevant, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied January 29, 1945.