OFFICE OF THE ATTORNEY GENERAL
State of California

JOHN K. VAN DE KAMP
Attorney General

| | | |
|---|---|---|
| OPINION | : | |
| | : | No. 88-702 |
| of | : | |
| | : | SEPTEMBER 13, 1989 |
| JOHN K. VAN DE KAMP | : | |
| Attorney General | : | |
| | : | |
| ANTHONY S. DaVIGO | : | |
| Deputy Attorney General | : | |
| | : | |

THE COMMISSION ON STATE MANDATES has requested an opinion on the following question:

Does the Commission on State Mandates have the authority to reconsider a prior final decision relating to the existence or nonexistence of state mandated costs?

CONCLUSION

The Commission on State Mandates does have the authority to reconsider a prior final decision relating to the existence or nonexistence of state mandated costs, where the prior decision was contrary to law.

ANALYSIS

Section 6 of article XIII B of the California Constitution, an initiative constitutional amendment which became effective on July 1, 1980, provides:

"Whenever the Legislature or any state agency mandates a new program or higher level of service on any local government, the state shall provide a subvention of funds to reimburse such local government for the costs of such program or increased level of service, except that the Legislature may, but need not, provide such subvention of funds for the following mandates:

"(a)    Legislative mandates requested by the local agency affected;

"(b)    Legislation defining a new crime or changing an existing definition of a crime; or

"(c)    Legislative mandates enacted prior to January 1, 1975, or executive orders or regulations initially implementing legislation enacted prior to January 1, 1975."

In order to implement the provisions of section 6, *supra*, the Commission on State Mandates ("commission," *post*) was established on January 1, 1985. (Gov. Code, § 17525.)[1] Its basic purpose is to adjudicate claims filed by local agencies for costs incurred as a result of certain state mandated programs. (See 68 Ops.Cal.Atty.Gen. 245 (1985).) Specifically, section 17551, subdivision (a), provides:

> "The commission, pursuant to the provisions of this chapter, shall hear and decide upon a claim by a local agency or school district that the local agency or school district is entitled to be reimbursed by the state for costs mandated by the state as required by Section 6 of Article XIII B of the California Constitution."

The present inquiry is whether the commission is authorized to reconsider, pursuant to its own motion, its determination in a prior case respecting the entitlement of a claimant (local agency or school district) to reimbursement for state mandated costs. It is understood for purposes of this discussion that the prior decision was duly rendered and has become final. Our attention has been directed, for illustrative purposes, upon the interpretive clarification by the California Supreme Court in *County of Los Angeles* v. *State of California* (1987) 43 Cal.3d 46, 56-57, providing a limited definition of the phrase "new program or higher level of service" within the context of section 6 of article XIII B of the California Constitution, *supra*. Specifically, it was decided that that phrase does not include any incidental increase in local costs arising upon the enactment of a law of general application. Consequently, there was no mandatory subvention for increased costs to local agencies resulting from the legislative authorization for higher workers' compensation benefits. As a result of this clarification, the commission may have reached different determinations with respect to certain prior claims which it now wishes to reopen for consideration.

In the absence of any specific statutory authority, an administrative agency has, as a general rule, no power to grant a rehearing or otherwise to reconsider a previous final decision. In 37 Ops.Cal.Atty.Gen. 133 (1961), we considered whether the California Unemployment Insurance Appeals Board was authorized to set aside its decision and reopen a matter for the purpose of receiving written argument or reevaluating the evidence and issuing a different decision. We explained in part (*id.*, at 134-135):

> "In 2 Ops.Cal.Atty.Gen. 442, 443, the specific question of the board's jurisdiction to review, rehear or reconsider formal decisions was discussed as follows:

> "'In cases such as this one, the jurisdiction of boards and agencies such as the California Employment Commission and its successor the California Unemployment Insurance Appeals Board, is special and limited. (*Heap* v. *City of Los Angeles*, 6 Cal. (2d) 405; *Peterson* v. *Civil Service Board*, 67 Cal.App. 70; *Krohn* v. *Board of Water and Power Com.*, 95 Cal.App. 289.) It would seem that if such an agency did not have the express power to grant a rehearing, it could not grant such a rehearing.

> "'The reason for this rule of law is well expressed in the case of *Heap* v. *City of Los Angeles*, *supra*, where the Court said:

> "'". . . But the rule stated above, that a civil service commission has no such power in the absence of express authorization, is sound and practical. If the power

---

[1]Hereinafter, all unidentified section references are to the Government Code.

were admitted, what procedure would govern its exercise?  Within what time would it have to be exercised; how many times could it be exercised?  Could a subsequent commission reopen and reconsider an order of a prior commission?  And if the commission could reconsider an order sustaining a discharge, could it reconsider an order having the opposite effect, thus retroactively holding a person unfit for his position?  These and many other possible questions which might be raised demonstrate how unsafe and impracticable would be the view that a commission might upset its final orders at its pleasure, without limitations of time, or methods of procedure. . . .'"

"`The rule and reason therefor is well supported by California authority. (*Pacheco* v. *Clark*, 44 Cal.App. (2d) 147; *Olive Proration etc. Com.* v. *Agricultural etc. Com.*, 17 Cal. (2d) 204; *Proud* v. *McGregor*, 9 Cal. (2d) 178.)  This office has adhered to the rule just set out in Opinions (NS 2192, NS 2192a and NS 2192b) addressed to the State Board of Equalization.'

"It was concluded therein that the Unemployment Insurance Appeals Board has no jurisdiction to review, rehear or reconsider its formal decisions for the reasons stated above.

"Again in 16 Ops.Cal.Atty.Gen. 214 at 215, this office stated:

"`It appears to be the general rule that if the jurisdiction of an administrative board is purely statutory, it must look to its statute to ascertain whether its determinations may be reopened. (*People* v. *Wemple* (1895) 144 N.Y. 478, 39 N.E. 397; *State* v. *Brown* (1923) 126 Wash. 175, 218 P. 9; Note (1941) 29 Geo. L. J. 878; Comment (1941) 29 Cal. L. Rev. 741).  That this is the California rule is illustrated by the decision in *Olive Proration Committee* v. *Agricultural Prorate Commission*, (1941) 17 Cal.2d 204, 109 P.2d 918, wherein the court said, at page 209:

"`". . . since all administrative actions must be grounded in statutory authority, in the absence of a provision allowing a commission to change its determination, courts have usually denied the right so to do."'  (See also *Cook* v.*Civil Service Commission* (1911) 160 Cal. 589, 117 P. 662; *Heap* v. *Los Angeles* (1936) 6 Cal.2d 405, 57 P.2d 1323; 1 Ops.Cal.Atty.Gen. 412, 417; 2 Ops.Cal.Atty.Gen. 442; 3 Ops.Cal.Atty.Gen. 143, 144; 4 Ops.Cal.Atty.Gen. 34, 36; 9 Ops.Cal.Atty.Gen. 294, 295.)"'"

In 59 Ops.Cal.Atty.Gen. 123 (1976) we pointed to certain "narrow exceptions" to the general rule. (*Id.* at 126-127.)  For example, the rule would not apply where the Legislature intended that the agency should exercise a continuing jurisdiction with power to reconsider its orders.  As stated by the court in *Olive Proration etc. Com.* v. *Agric. etc. Com.* (1941) 17 Cal.2d 204, 209:

"Where orders which relate to what may be rather broadly defined as individual rights are concerned, the question whether the administrative agency may reverse a particular determination depends upon the kind of power exercised in making the order and the terms of the statute under which the power was exercised.  As to the first factor, almost without exception, courts have held that the determination of an administrative agency as to the existence of a fact or status which is based upon a present or past group of facts, may not thereafter be altered or modified. (*Muncy* v. *Hughes*, 265 Ky. 588 [97 S. W. (2d) 546]; *Little* v. *Board of Adjustment*, 195 N. C. 793 [143 S. E. 827]; *Lilienthal* v. *Wyandotte*, 286 Mich. 604

[282 N.W. 837].)  As concisely stated by the New York Court of Appeals, `officers of special and limited jurisdiction cannot sit in review of their own orders or vacate or annul them'.  (*People* ex rel. *Chase* v. *Wemple*, 144 N. Y. 478 [39 N. E. 397].)  But if it is clear that the legislature intended that the agency should exercise a continuing jurisdiction with power to modify or alter its orders to conform to changing conditions, the doctrine of *res judicata* is not applicable.  The determination depends upon the provisions of the particular statute.

". . . And since all administrative action must be grounded in statutory authority, in the absence of a provision allowing a commission to change its determination, courts have usually denied the right so to do."  (Emphasis added.)

(Accord, *Hollywood Circle, Inc.* v. *Dept. of Alc. Bev. Cont.* (1961) 55 Cal.2d 728, 732.)  We find no such provision in the statute in question.  (See § 17551(a) *supra*.)

Further, the rule would not apply where the agency's decision exceeded its authority or was made without sufficient evidence.  In *Aylward* v. *State Bd. etc. Examiners* (1948) 31 Cal.2d 833, the Board of Chiropractic Examiners adopted, without notice, and based upon the board's own records, a resolution canceling forty licenses, previously issued by the board, to practice chiropractic on the ground that such licenses had been issued contrary to numerous prerequisites of the Chiropractic Act.  This action purported to reverse the action of the board during the previous year, in which it was concluded, upon a noticed and contested hearing, that "none of the matters presented were grounds under the Chiropractic Act for revocation of any licenses."  The Supreme Court held that the board improperly canceled the licenses in the absence of a statutorily required noticed hearing (*id.* at 838), but that the board should not be precluded from taking adverse action based on any proper legal ground (*id.* at 842).  The court explained as follows (*id.* at 839):

"The agency however, may be bound by its prior action where it has made a determination of a question of fact within its powers, and it lacks authority to rehear or reopen the question.  (*Olive Proration etc. Com.* v. *Agricultural etc. Com.*, 17 Cal.2d 204, 209; *Heap* v. *City of Los Angeles*, 6 Cal.2d 405; *Proud* v. *McGregor*, 9 Cal.2d 178, 179; *Pacheco* v. *Clark*, 44 Cal.App.2d 147, 153; *Hoertkorn* v. *Sullivan*, 67 Cal.App.2d 151, 154; *Matson Terminals, Inc.* v. *California Emp. Com.*, 24 Cal.2d 695, 702.)

"Implicit in the cases denying a board's power to review or reexamine a question, however, is the qualification that the board must have acted within its jurisdiction and within the powers conferred on it.  Where a board's order is not based upon a determination of fact, but upon an erroneous conclusion of law, and is without the board's authority, the order is clearly void and hence subject to collateral attack, and there is no good reason for holding the order binding on the board.  Not only will a court refuse to grant mandate to enforce a void order of such a board (*Proud* v. *McGregor*, 9 Cal.2d 178; *Pacheco* v. *Clark*, 44 Cal.App.2d 147), but mandate will lie to compel the board to nullify or rescind its void acts.  (*Board of Trustees* v. *State Bd. of Equalization*, 1 Cal.2d 784.  While a board may have exhausted its power to act when it has proceeded within its powers, it cannot be said to have exhausted its power by doing an act which it had no power to do or by making a determination without sufficient evidence.  In such a case, the power to act legally has not been exercised, the doing of the void act is a nullity, and the board still has unexercised power to proceed within its jurisdiction."  (Emphasis added.)

In *Ferdig* v. *State Personnel Board* (1969) 71 Cal.2d 96, the board had approved the appointment of an applicant to a state civil service position. More than seven months later, the board, after a hearing, adopted its order revoking the appointment due to the erroneous grant of veterans' preference points. (*Id.* at 100.) Responding to the contention that the initial order approving the appointment having become final, the board was, in the absence of statutory authority, without jurisdiction to reconsider it, the court observed (*id.* at 105-106):

"What we examine here is the jurisdiction of the Board to take corrective action with respect to an appointment which it lacked authority to make. It defies logic to say that the mere enumeration in the Act of the methods of separating an employee from state civil service in a situation where an appointment has been validly made, compels the conclusion that no jurisdiction exists to rectify the action of the Board in a situation where an appointment has been made without authority.

". . . . . . . . . . . . . . . . . . . . . . .

"We conclude, therefore, that when the matter was brought to its attention, the Board had jurisdiction to inquire into and review the certification as to veterans' preference credits made by the Department of Veterans Affairs and having determined that appellant was not entitled to such credits, to take the corrective action which it did by revoking appellant's appointment. While this jurisdiction does not appear to have been conferred upon the Board in so many words by the express or precise language of constitutional or statutory provision, there can be no question in that it is implicit in the constitutional and statutory scheme which empowers the Board to administer and enforce the civil service laws."

Determinations by the commission as to entitlement of local agencies to reimbursement for state mandated costs are questions of law. (*Carmel Valley Fire Protection Dist.* v. *State of California, supra*, 190 Cal.App.3d at 536.) An administrative agency is not authorized to act contrary to law. (*Ferdig* v. *State Personnel Board, supra*, 71 Cal.2d at 103-104.) Consequently, where the decision in a prior case was based upon an erroneous legal premise, and is contrary to law (e.g., licenses issued or veterans preference points granted contrary to law), the administrative agency, having exceeded its authority, may reconsider its decision notwithstanding the absence of express statutory sanction. In the case presented for illustrative purposes, the commission's prior determination, based upon an erroneous interpretation of law, to provide a subvention for an incidental increase in local costs arising upon an increase in workers' compensation benefits, was contrary to law. Under the principles set forth above, the commission would be authorized to reconsider its prior decision.

The question remains, however, whether the Legislature in this instance has authorized a different result, precluding the commission from reconsidering a prior final decision.[2] The commission is authorized to adopt procedures for hearing claims and for the taking of evidence.

---

[2]To be clear, this opinion concerns the reconsideration of a prior decision, i.e., which has become final, for the purpose of determining whether the decision in <u>that</u> case should be modified or reversed. We do not question the power of an administrative agency to reconsider a prior decision for the purpose of determining whether that decision should be overruled in a subsequent case. It is long settled that due process permits substantial deviation by administrative agencies from the principle of stare decisis. (*Weiss* v. *State Bd. of Equal.* (1953) 40 Cal.2d 772, 776.) An agency may disregard its earlier decision, provided that its action is neither arbitrary nor unreasonable. (*Id.*, at 777.)

(§ 17553.)[3]  Pursuant to its authority to adopt and amend rules and regulations (§ 17527, subd. (g)), the commission has promulgated rules for the conduct of hearings. (Tit. 2, C.C.R., §§ 1187-1188.3, hereafter referred to as "rules.")  Upon receipt of a claim, the commission is required to conduct a hearing within a reasonable time. (§ 17555; rule 1187.1, subd. (a).)  The hearing shall be conducted in accordance with specified rules of evidence and procedure. (Rules 1187.5, 1187.6.)  Prior to the adoption of its written decision the commission may, on its own motion or upon a showing of good cause, order a further hearing. (Rule 1187.9, subd. (a).)  Within a reasonable time following the hearing, a proposed decision of the commission panel, commission staff, or hearing officer, as the case may be, shall be prepared and served upon the parties. (Rule 1188.1.)  The decision of the commission itself must be written, based on the record, and contain a statement of reasons for the decisions, findings and conclusion. (Rule 1188.2, subd. (a).)  After the decision has been served, it shall not be changed except to correct clerical errors. (Rule 1188.2, subd. (b).)  Either party may commence a proceeding for judicial review of a decision of the commission. (§ 17559.)  The period of limitations applicable to such review is three years. (*Carmel Valley Fire Protection Dist.* v. *State of California*, *supra*, 190 Cal.App.3d at 534.)

If the commission determines that costs are mandated by the state, it must determine the amount to be subvened to local agencies and adopt "parameters and guidelines" for reimbursement of claims. (§ 17557; rule 1183.1.)  Thereafter, the commission shall adopt an estimate of statewide costs resulting from the mandate. (Rule 1183.3, subd. (a).)  At least twice each calendar year, the commission is required to identify and report to the Legislature the statewide costs estimated for each mandate and the reasons for recommending reimbursement. (§ 17600; rule 1183.3, subd. (b).)  The amounts awarded are included in the local government claims bill and thereafter, in the case of continuing costs, in the budget bill for subsequent fiscal years. (§ 17561, subd. (b)(2).)

The Supreme Court has applied a uniform set of rules when reviewing the validity of administrative regulations.  "Where a statute empowers an administrative agency to adopt regulations, such regulations `must be consistent, not in conflict with the statute, and reasonably necessary to effectuate its purpose.'" (*Ontario Community Foundation, Inc.* v. *State Bd. of Equalization* (1984) 35 Cal.3d 811, 816.)  "[T]here is no agency discretion to promulgate a regulation which is inconsistent with the governing statute." (*Woods* v. *Superior Court* (1981) 28 Cal.3d 668, 679.)  "Administrative regulations that violate acts of the Legislature are void and no protestations that they are merely an exercise of administrative discretion can sanctify them." (*Morris* v. *Williams* (1967) 67 Cal.2d 733, 737.)  "Administrative regulations that alter or amend that statute or enlarge or impair its scope are void and courts not only may, but it is their obligation to strike down such regulations." (*Ontario Community Foundation, Inc.* v. *State Bd. of Equalization*, *supra*, 35 Cal.3d 811, 816-817; emphasis added.)  "It is fundamental that an administrative agency may not usurp the legislative function, no matter now altruistic its motives are." (*Agricultural Labor Relations Bd.* v. *Superior Court* (1976) 16 Cal.3d 392, 419.)

There is no indication in the statutory scheme that the jurisdiction of the commission is limited to rectify its action where a determination of entitlement had been adopted without authority.  As observed in *Ferdig* v. *State Personnel Board*, *supra*, 106, "[w]hile this jurisdiction does not appear to have been conferred upon the [commission] in so many words by the express or precise language of constitutional or statutory provision, there can be no question that it is implicit in the constitutional and statutory scheme which empowers that [commission to provide `an effective means of resolving disputes over the existence of state-mandated local programs' (sec. 17500).]"

_____

[3]The commission is not subject to the provisions of the California Administrative Procedure Act pertaining to administrative adjudication. (§§ 11500, 11501.)

To the extent that rule 1188.2, subdivision (b), may be interpreted to foreclose the commission from rectifying a decision made or action taken contrary to law, it impairs the scope of the statute, and to that extent is void. (Cf. *Ontario Community Foundation, Inc.* v. *State Bd. of Equal., supra*, 35 Cal.3d at 816-817; 64 Ops.Cal.Atty.Gen. 425, 430 (1981).) In our view, an administrative agency has no more power to promulgate a rule preserving or perpetuating its decisions made or actions taken without authority, than it has to undertake such decisions or actions in the first instance.

It is concluded that the commission is authorized to reconsider a prior final decision relating to entitlement for reimbursement for state mandated costs, where the prior decision was contrary to law.

\* \* \* \* \*