Filed 8/31/15  Alliance for the Protection of the Auburn Community Environment v. County of Placer CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Placer)

----

| | |
|---|---|
| ALLIANCE FOR THE PROTECTION OF THE AUBURN COMMUNITY ENVIRONMENT etc., et al., <br><br> Plaintiffs and Appellants, <br><br> v. <br><br> COUNTY OF PLACER, <br><br> Defendant and Respondent; <br><br> WALMART STORES, INC., <br><br> Real Party in Interest and Respondent. | C077308 <br><br> (Super. Ct. No. SCV0034435) |

After losing its first challenge to the adequacy of the environmental review of a proposed project to build a retail center, including a Walmart store, and before County of Placer (County) undertook any further discretionary approvals, the Alliance for the Protection of the Auburn Community Environment (APACE) filed a petition for a writ of mandamus alleging the County violated the California Environmental Quality Act

1

(CEQA; Pub. Resources Code, § 21000 et seq.) by failing to prepare a subsequent environmental impact report (EIR) in light of "new information" about soil contamination on the project site.  The trial court sustained the County and Walmart Stores, Inc.'s (Walmart) demurrer without leave to amend.  We affirm the judgment of dismissal because plaintiff alleges on the face of the complaint that the County has not granted a discretionary approval, by issuing a building permit or any other approval, and "[i]n the absence of such discretionary approval, the agency has no jurisdiction to prepare a subsequent or supplemental EIR."  (*San Diego Navy Broadway Complex Coalition v. City of San Diego* (2010) 185 Cal.App.4th 924, 935 (*San Diego*); *Cucamongans United for Reasonable Expansion v. City of Rancho Cucamonga* (2000) 82 Cal.App.4th 473, 479 (*Cucamongans*).)

### FACTUAL AND PROCEDURAL BACKGROUND

In September 2010 the County certified the final EIR for the development of a 155,000-square-foot building.  Three days after the 30-day statute of limitations had run, APACE filed a petition for a writ of mandate alleging various CEQA violations.  The trial court sustained the demurrer of the County and real party in interest Bohemia Properties, LLC, without leave to amend, and we affirmed the judgment of dismissal. (*Alliance for Protection of Auburn Community Environment v. County of Placer* (2013) 215 Cal.App.4th 25, 28 (*Alliance*).)

APACE's second petition for a writ of mandate alleges that newly discovered information about elevated levels of dioxins and furans in the ground soil rendered the initial environmental review obsolete and the dangers to health unaddressed in both the draft EIR and the final EIR.  The petition further alleges that on December 10, 2013, APACE formally requested the County to prepare a subsequent EIR to consider the new information, and on December 27, 2013, Walmart submitted building plans and building permit applications, as well as related permits.  APACE alleges "[t]hese plans and permit applications have yet to be approved."

2

The petition references the "County Grading Ordinance" but does not allege that anyone has applied for a grading permit. The petition states: "Mitigation Measure 11-2(b) of the [final EIR] requires Walmart conform its plan to the County Grading Ordinance. The County Grading Ordinance ('the Grading Ordinance') at § 15.48.240(A) in turn requires conformity to the General Plan. The Grading Ordinance also requires at § 15.48.240(C) that the approving agency impose whatever conditions on a grading permit necessary to protect the 'health, safety, and general welfare,' of the public."

The County did not act on APACE's request to prepare a subsequent EIR and, according to the petition, did not give any indication it would do so.

The trial court sustained Walmart and the County's demurrer without leave to amend. APACE appeals.

## DISCUSSION

### I

### *Standard of Review*

A demurrer tests the legal sufficiency of the petition. Our determination whether the petition states a viable cause of action therefore is de novo. A demurrer admits the truth of all material factual allegations, which we read as a whole and to which we give a reasonable interpretation. (*Alliance*, *supra*, 215 Cal.App.4th at p. 29.) We independently construe the meaning of statutes and regulations, as they present questions of law, and if no liability exists as a matter of law we must affirm the trial court's order sustaining the demurrer. (*City of Morgan Hill v. Bay Area Air Quality Management Dist.* (2004) 118 Cal.App.4th 861, 870.)

### II

### *Jurisdiction*

Once an EIR has been certified, there is a statutory presumption against requiring further environmental review of the same project. (*Moss v. County of Humboldt* (2008) 162 Cal.App.4th 1041, 1049-1050.) Public Resources Code section 21166 provides:

3

"When an [EIR] has been prepared for a project pursuant to this division, no subsequent or supplemental [EIR] shall be required by the lead agency or by any responsible agency, unless one or more of the following events occurs: [¶] . . . [¶] (c) New information, which was not known and could not have been known at the time the [EIR] was certified as complete, becomes available." " 'This provision represents a shift in the applicable policy considerations. The low threshold for requiring the preparation of an EIR in the first instance is no longer applicable; instead, agencies are prohibited from requiring further environmental review unless the stated conditions are met.' " (*Melom v. City of Madera* (2010) 183 Cal.App.4th 41, 48-49.)

The CEQA Guidelines add more muscle to the statutory limitation.[1] Section 15162, subdivision (c) of the Guidelines states: "Once a project has been approved, the lead agency's role in project approval is completed, unless further discretionary approval on that project is required. Information appearing after an approval does not require reopening of that approval. If after the project is approved, any of the conditions described in subdivision (a) occurs, a subsequent EIR or negative declaration shall only be prepared by the public agency which grants the next discretionary approval for the project, if any. In this situation no other responsible agency shall grant an approval for the project until the subsequent EIR has been certified or subsequent negative declaration adopted."

The County argues that its role is completed because it has not granted a "further discretionary approval." The County's position finds support in *San Diego*, *supra*, 185 Cal.App.4th 924 and *Cucamongans*, *supra*, 82 Cal.App.4th 473. Both cases held that a public agency can require a supplemental or subsequent EIR *only* when the agency grants a discretionary approval. (*San Diego*, at p. 935; *Cucamongans*, at p. 479.) "In the

---

[1] CEQA is augmented by the Guidelines for Implementation of the California Environmental Quality Act. (Cal. Code Regs., tit. 14, § 15000 et seq. (Guidelines).)

absence of such discretionary approval, the agency has no jurisdiction to prepare a subsequent or supplemental EIR. (*Cucamongans*, *supra*, 82 Cal.App.4th at p. 479.) This jurisdictional limitation is consistent with the notion that it is nonsensical to require an agency to prepare a subsequent or supplemental EIR unless the agency has the authority to take action that would respond to any concerns that might be raised in the updated EIR." (*San Diego*, *supra*, 185 Cal.App.4th at pp. 935-936.) Simply put, " 'once all discretionary approvals have been obtained, no agency has jurisdiction to require a further EIR.' " (*Cucamongans*, at p. 479.)

In *Cucamongans*, the public agency had denied the applicant's design review application before the petitioners requested further environmental review. Since a subsequent EIR can only be prepared in connection with a discretionary approval and the design review application had been denied, "there was no discretionary approval that would authorize the preparation of [a subsequent EIR]." (*Cucamongans*, *supra*, 82 Cal.App.4th at p. 479.)

The facts before us are analogous to those presented in *Cucamongans*. The only difference is timing. In *Cucamongans*, the application had been denied, and as a result, there was no discretionary approval to challenge. According to APACE's petition, building permits are pending but the County has not approved the permits. Thus, whereas in *Cucamongans* there was no discretionary approval because the application had been denied, in the instant case there has been no discretionary approval because the application has not been acted on.

Because here, as in *Cucamongans*, there is no approval, we need not address the more difficult issue presented in *San Diego* as to whether the approval that was granted was discretionary. Approval is not discretionary if it does not allow the agency to shape the project. (*Friends of Westwood, Inc. v. City of Los Angeles* (1987) 191 Cal.App.3d 259, 266-267.) The "touchstone" for determining whether an approval is "discretionary"

5

is whether the agency would be able to meaningfully address the environmental concerns that might be identified in the EIR or subsequent EIR. (*Ibid.*)

In *San Diego*, the court found the approval was not discretionary because the agency had no authority to modify the project based on additional environmental analysis of global climate change. (*San Diego*, *supra*, 185 Cal.App.4th at p. 938.) Rather, the agency's authority was limited to a determination whether the aesthetics of the project were consistent with the development agreement. (*Id*. at p. 940.) If, and when, there is an approval of Walmart's building permits, the issue might arise whether the public agency with authority to approve the permits also has the discretion to modify the project in accordance with environmental concerns identified in a subsequent EIR. In short, the question will be whether the approval of a building permit is discretionary or ministerial under the applicable municipal ordinances. But that issue is not before us now.[2] The issue before us is much simpler. Since there has been no approval of the building permit application, the law is clear that the County is without jurisdiction to require a supplemental or subsequent EIR.

APACE complains that the law does not match its notion of common sense. It is true that one of CEQA's purposes is to provide early environmental review to inform decision makers of potential adverse environmental impacts of a proposed project. (Pub. Resources Code, § 21002; Guidelines, § 15003.) APACE fails to distinguish the difference between the policies fostering thorough environmental review before a project is approved and the policies favoring finality once the EIR is certified and the project is

---

[2] We reject APACE's accusation in its opposition to the demurrer that the County "implicitly concede[d]" sufficient new information was discovered which would generally trigger the duty to prepare a subsequent EIR. Because the case was decided on the threshold issue of jurisdiction does not mean there was any concession that the remaining issues were without merit. Rather, the jurisdictional issue is dispositive and the County simply did not address, nor do we, issues that are unnecessary to resolution of the matter.

approved. Once the project is approved, finality trumps reopening the environmental review process except in the narrow circumstances defined in Public Resources Code section 21166 and Guidelines section 15162, subdivision (c). And it is the Legislature and the regulatory bodies that define jurisdiction, not petitioner's amorphous and pliable notion of common sense.

APACE also criticizes the court's rationale for the ruling, including its discussion of ripeness. Because statutory construction presents a question of law, we are not bound by the trial court's reasoning. We need not, therefore, consider the nuances and exceptions to the ripeness doctrine, having resolved the matter based on a jurisdictional defect.

Yet APACE insists our rationale "would lead to the anomalous result that supplemental or subsequent environmental review is appropriate only in cases where no agency has jurisdiction to require supplemental or subsequent environmental review." Not so. Guidelines section 15162, subdivision (c) assigns "the public agency which grants the next discretionary approval for the project" the task of preparing the subsequent EIR. APACE's petition acknowledges that no agency has approved the building permit, nor does it allege that any grading permits have been approved.[3] Whether the approval of building or grading permits is discretionary within the meaning of CEQA is one of many issues we need not consider at this juncture.

Rebutting the trial court's finding that its challenge was not authorized because the County had not made a "determination" or "decision" pursuant to Public Resources Code sections 21168 and 21168.5, APACE argues for the first time on appeal that the County

---

[3] APACE mischaracterizes the allegations of the petition. In its opening brief, it argues that the approval of grading permits is a discretionary approval. But while the petition quotes from the ordinance governing grading permits, it certainly does not allege that Walmart or any other entity has specifically applied for grading permits, let alone that any grading permits have been approved.

7

impliedly exempted the project from further environmental review. APACE insists the trial court applied an "overly-narrow understanding of a 'determination' under CEQA." It may be, as APACE suggests, that the decision not to conduct further environmental review constitutes a determination under CEQA without any need to characterize the determination as finding an exemption. But even if we were to accept APACE's argument, it would not cure the jurisdictional defect. And the jurisdictional defect alone justifies the ruling sustaining the demurrer without leave to amend and requires us to affirm the judgment of dismissal.

A very old case proves the enduring nature of this basic principle. In *Heap v. City of Los Angeles* (1936) 6 Cal.2d 405 (*Heap*), an ex-employee, after discharge, sought an investigation and hearing by the civil service commission. The City of Los Angeles demurred to the ex-employee's petition for a writ of mandate for reinstatement. (*Id*. at p. 406.) On appeal, the court upheld the judgment of dismissal, finding the civil service commission had exhausted its jurisdiction when it adopted its first resolution sustaining his discharge. (*Id*. at pp. 406-407.) The city charter did not give the commission a grant of power to entertain a motion for a new trial or for a rehearing and review with the possibility of setting aside its prior order. (*Id*. at p. 407.) Thus, because the commission did not have jurisdiction to issue a subsequent order, the demurrer was properly sustained. (*Id*. at p. 408.)

Similarly, the County, like the civil service commission in *Heap*, did not have jurisdiction to require a supplemental or subsequent EIR once the EIR was certified and the project was approved unless one of the limited circumstances encompassed by Public Resources Code section 21166 occurred and a discretionary approval was granted pursuant to Guidelines section 15162, subdivision (c). In the absence of jurisdiction, a court could not order the County to act, and therefore the demurrer, as in *Heap*, was properly sustained.

8

**DISPOSITION**

The judgment is affirmed.


                                                    RAYE            , P. J.


We concur:


            ROBIE            , J.


            DUARTE         , J.